Matthew FREEMAN, Appellant,

v.

George PETSOCK, Lt. Smith,
Commissioner of Corrections,
Glenn R. Jeffes,

Lt. Smith, Appellee.

Nos. 87–3040, 87–8008.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
Rule 12(6) March 5, 1987.

Decided June 8, 1987.

Matthew Freeman, pro se.

Shelia M. Ford, Deputy Atty. Gen., Office of Atty. Gen., Pittsburgh, Pa., for appellee.

Before SEITZ, HIGGINBOTHAM and SLOVITER, Circuit Judges.

**OPINION OF THE COURT**

SLOVITER, Circuit Judge.

I.

Plaintiff Matthew Freeman, a prisoner at the State Correctional Institute in Pittsburgh, Pennsylvania, has filed a notice of appeal from a district court order affirming as on appeal a magistrate's order denying Freeman's motion for a new trial. Because we conclude *sua sponte* that the district court had no jurisdiction to review the magistrate's order,[1] we will vacate the order of the district court and construe

---

**1.** This court may notice a jurisdictional defect of the district court on our own motion. *See In* re Morrissey, 717 F.2d 100, 103 (3d Cir.1983).

Freeman's notice of appeal as appealing directly from the magistrate's order.

## II.

Our review of the original papers in this action discloses the following: Freeman initiated this action on October 29, 1984, against three prison officials in the United States District Court for the Western District of Pennsylvania pursuant to 42 U.S.C. § 1983 claiming, *inter alia,* that his constitutional rights were violated when he was transferred from his normal cell to a cell generally reserved for prisoners in transit without being given proper notice or a hearing. Freeman was given leave to amend the complaint to add as a plaintiff Jeffrey Bradstock, a prisoner who was serving as his paralegal, after Freeman alleged he was being denied access to Bradstock. Bradstock is not a party to this appeal, apparently having consented to be dropped as a party.

On December 27, 1984, District Court Judge Alan N. Bloch entered an order assigning this case to Magistrate Robert C. Mitchell for the conduct of all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c)(1). That provision permits the parties to consent to trial of a jury or nonjury civil matter before a magistrate. 28 U.S.C. § 636(c)(1). Rule 5(e) of the Rules of the Western District of Pennsylvania as to United States Magistrates provides that a consent form shall be signed by all parties in a case. *See also* Fed.R.Civ.P. 73(b) (parties agreeing to exercise by magistrate of civil trial jurisdiction "shall execute and file a joint form of consent or separate forms of consent setting forth such election"). In this case, Freeman and Sheila M. Ford, a Deputy Attorney General representing defendants, filed a consent to proceed before a United States Magistrate pursuant to 28 U.S.C. § 636(c).

The statute provides that upon entry of judgment by the magistrate when there has been a reference pursuant to 28 U.S.C. § 636(c)(1), the appeal must be taken directly to the court of appeals unless the parties consented at the time of reference to a magistrate to appeal to a judge of the district court. 28 U.S.C. § 636(c)(3)–(4); *see also* Fed.R.Civ.P. 73(c) and (d). The consent form filed by Freeman and Ford did not contain their consent to appeal to a district judge. Following Bradstock's joinder as a plaintiff, Magistrate Mitchell forwarded to him a consent form to proceed to trial before a magistrate and requested him to notify the court whether he was willing to so proceed. Bradstock filed a signed consent for trial before the magistrate. As with the consent filed by Freeman and Ford, there is no signature under the section of the consent form providing for appeal to the district court. Several days later, Freeman and Bradstock filed another form, consenting to trial before a magistrate and this time signifying their consent for an appeal to the district court pursuant to 28 U.S.C. § 636(c)(4). Neither this form nor that signed by Bradstock alone was signed by counsel for defendants. Judge Bloch entered his second order of reference to Magistrate Mitchell on March 5, 1985, directly on the consent form signed by Bradstock.

The three defendants moved for summary judgment; the magistrate granted summary judgment as to defendants George Petsock and Glenn Jeffes but denied summary judgment as to defendant Lt. Richard Smith. The matter was subsequently tried before a jury, which rendered a verdict in favor of the plaintiffs and against the defendant Richard Smith and which also asked that "all reference to alleged breakout be stricken from Mr. Freeman's record, and a sum of $1,200.00 be awarded to Mr. Freeman for damages." The magistrate then granted Smith's motion for a new trial on the ground that the verdict was against the weight of the evidence. Following the second trial the jury found for the defendant Smith. Freeman, who by then was the only plaintiff, moved for a new trial on the ground, *inter alia,* that the verdict was contrary to the weight of the evidence, and the magistrate, denominating the motion for a new trial "frivolous", denied Freeman's motion, and entered judgment for defendant.

Freeman then filed a timely notice of appeal with the district court from the magistrate's order denying a new trial. Several days thereafter, the district court entered an order affirming the magistrate's order. Freeman filed a notice of appeal from the district court's order.

### III.

If the district court had jurisdiction to determine Freeman's appeal from the magistrate's order, review of the district court's order by this court could be effected only by our grant of Freeman's petition for leave to appeal. *See* 28 U.S.C. § 636(c)(5). This court has not yet articulated the standards for granting such a petition. *But see Wolff v. Wolff,* 768 F.2d 642, 647–48 (5th Cir.1985); *Penland v. Warren County Jail,* 759 F.2d 524, 529–30 (6th Cir.1985) (in banc). However, the district court would have had jurisdiction to hear the appeal from the magistrate's order only if "at the time of reference to a magistrate, the parties ... consent[ed] to appeal on the record to a judge of the district court in the same manner as on an appeal from a judgment of the district court to a court of appeals." 28 U.S.C. § 636(c)(4).

The consent of all parties in this case to the reference to the magistrate is unmistakable, since Freeman and counsel for the defendants so signed early in the litigation and Bradstock thereafter signed a similar consent. On the other hand, there was no consent signed by counsel for the defendants to an appeal to the district court under 28 U.S.C. § 636(c)(4) either "at the time of reference to a magistrate" or thereafter. One or more employees of the District Court Clerk's Office noticed that omission, since the original papers contain a note to that effect. Nonetheless, the docket sheet contains an entry for March 5, 1985, stating, "Order of COurt [sic] entered Granting Consent to Proceed before the Magistrate, including entry of Judgment with appeal to the Distritc [sic] court (Bloch, J.)." Insofar as this entry suggests that parties agreed to appeal to the district court, it is in error

since no such consent on behalf of the defendants appears in the record.

■ Because there was no consent as required by 28 U.S.C. § 636(c)(4), the district court had no jurisdiction over the appeal, and the order of the district court affirming the order of the magistrate must be vacated. *Cf. In re Morrissey,* 717 F.2d 100, 102–03 (3d Cir.1983) (magistrate had no jurisdiction to consider appeals from bankruptcy court even upon consent of parties when reference by district court violates explicit statutory provision). The appropriate appeal route was to this court as a matter of right. Congress so provided because it felt that "litigants who consented to a case disposition by a magistrate were entitled to the same presumption as to route of appeal that litigants having their case heard before a district court judge were entitled." H.R.Conf.Rep. No. 444, 96th Cong., 1st Sess. 8, *reprinted in* 1979 U.S. Code Cong. & Admin.News 1487, 1488.

■ The notice of appeal filed with the district court should have been treated as an appeal to this court, even though it was technically defective in that it did not state the court to which the appeal was to be taken as required by Fed.R.App.P. 3(c). "[T]he technical requirements for a notice of appeal [are] not mandatory where the notice 'did not mislead or prejudice' the appellee." *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 387, 98 S.Ct. 1117, 1121, 55 L.Ed.2d 357 (1978) (per curiam); *see also Foman v. Davis,* 371 U.S. 178, 181–82, 83 S.Ct. 227, 229–30, 9 L.Ed.2d 222 (1962); *Donovan v. Esso Shipping Co.,* 259 F.2d 65, 68 (3d Cir.1958), *cert. denied,* 359 U.S. 907, 79 S.Ct. 583, 3 L.Ed.2d 572 (1959). Thus, in *United States v. Blue,* 350 F.2d 267, 269–70 (9th Cir.1965), it was held that the failure of the notice of appeal to name the court to which an appeal was taken did not invalidate the appeal. *See also Graves v. General Insurance Corp.,* 381 F.2d 517, 519–20 (10th Cir.1967); *Trivette v. New York Life Insurance Co.,* 270 F.2d 198, 199–200 (6th Cir.1959).

Moreover, the sensible pragmatic approach of Congress to such issues is re-

flected in 28 U.S.C. § 1631 which provides that when an appeal is noticed for or filed with a court that is without jurisdiction, that court shall, if it is in the interest of justice, transfer such an appeal to the court in which the appeal could have been noticed. In this case it patently would have been in the interest of justice to have transferred the appeal from the district court, which has no jurisdiction, to this court, which does. All parties were given notice by the consent form of the appeal route to this court, absent consent to appeal to the district court.

For the foregoing reasons, we will vacate the district court's order and proceed with this appeal as coming directly from the magistrate's order denying Freeman's motion for a new trial.