John KELLER, Appellant

v.

George PETSOCK, Warden; Ernest Diecks, Records Officer; Robert Dickey, Parole Supervisor; John Leonard, Parole Officer; James Wagoner, Parole Officer.

Nos. 87–3118, 87–3528.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
January 11, 1988.

June 23, 1988.

John Keller, Pittsburgh, Pa., pro se.

Gloria A. Tischuk, Office of Atty. Gen., Pittsburgh, Pa., for appellees.

Before HIGGINBOTHAM and BECKER, Circuit Judges, and SHAPIRO, District Judge.*

## OPINION OF THE COURT

A. LEON HIGGINBOTHAM, Jr., Circuit Judge.

These consolidated appeals concern the provision of the federal Magistrate's Act that allows magistrates "[u]pon the consent of the parties ... [to] conduct any or all proceedings in a jury or nonjury civil matter and [to] order the entry of judgment in the case...." 28 U.S.C. § 636(c)(1) (1982). Parties who choose this course of action have two appeal options: they may consent to take a first appeal as of right to the district court with further discretionary review by this Court, 28 U.S. C. § 636(c)(4) & (5) (1982),[1] or they may take a first appeal directly to this Court "in the same manner as an appeal from any other judgment of a district court." 28 U.S.C. § 636(c)(3) (1982). The parties in these appeals took the former route. In No. 87-3118, John Keller appeals from a magistrate's order entering summary judgment in favor of defendants. 28 U.S.C. § 636(c)(4) (1982). In No. 87-3528, Keller appeals to this Court from a district court order affirming the same decision of the magistrate. 28 U.S.C. § 636(c)(5) (1982).

We hold that we have no jurisdiction over either appeal. Accordingly, we will transfer the appeal in No. 87-3118 to the district court, and we will dismiss the appeal in No. 87-3528 for lack of jurisdiction.

## I.

Keller is a state prisoner who, in September of 1985, filed a *pro se* civil rights complaint in federal district court, pursuant to 42 U.S.C. § 1983 (1982). The complaint alleged that the state parole board incorrectly calculated his maximum sentence on a 1978 conviction, resulting in his improper incarceration (1) on a parole detainer when he was arrested in 1983 two days after his maximum sentence had allegedly expired, and (2) as a parole violator after he was convicted of charges stemming from that arrest. His prayer for relief included requests for injunctive relief, damages and "any other relief the Court deems necessary," but it did not specifically request speedier release.

Pretrial matters were handled by a magistrate. 28 U.S.C. § 636(b)(1) (1982). At the close of discovery, the parties entered into a consent agreement providing that the magistrate would enter a final judgment in the matter and that the appeal as of right from the magistrate's final order

---

* Honorable Norma L. Shapiro, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1. These sections provide that

    (4) ... the parties may further consent to appeal on the record to a judge of the district court in the same manner as on an appeal from a judgment of the district court to a court of appeals.... The district court may affirm, reverse, modify, or remand the magistrate's judgment.

    (5) Cases in the district courts ... may be reviewed by the appropriate United States court of appeals upon petition for leave to appeal by a party stating specific objections to the judgment. Nothing in this paragraph shall be construed to be a limitation on any party's right to seek review by the Supreme Court of the United States.

    28 U.S.C. § 636(c)(4) & (5).

would be to a judge of the district court, with further review by this Court upon granting of a petition for leave to appeal. 28 U.S.C. § 636(c)(4) & (5) (1982). This consent agreement, entered on a form prepared by the district court, was then signed on behalf of all the defendants by a lawyer in the Pennsylvania Attorney General's office and by Keller on his own behalf. The district judge signed an order of reference to the magistrate on July 3, 1986.

Defendants moved for summary judgment. On December 24, 1986, the magistrate granted the motion. Keller timely served a motion for reconsideration, *see* Fed.R.Civ.P. 59(e), which was filed on January 8, 1987, and denied by the magistrate on the same day. Twenty-seven days later, Keller filed a notice of appeal in the district court. While captioned "IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA", the body of the notice of appeal stated that

> plaintiff, John Keller, in lieu of an attorney, respectfully hereby appeals *to the United States Court of Appeals for the Third Circuit* from the Judgment/Order of the United States District Court for the Western District of Pennsylvania, entered in the above captioned matter on December 24, 1986....

Notice of Appeal dated February 3, 1987, *reprinted in* Appendix ("App.") at 13 (emphasis added). The district court clerk treated the appeal as one to the district judge pursuant to the earlier consent agreement. However, the district judge to whom the appeal was taken orally directed that, "inasmuch as notice of appeal was titled [ ]appeal to the third Circuit, that the

Clerk act acco[r]dingly.[ ]" District court docket entry of February 13, 1987, *reprinted in* App. at 12. The appeal was therefore sent to this Court and docketed at No. 87–3118.

On March 5, 1987, Keller filed a second notice of appeal in the district court, together with a motion for extension of time to file the notice of appeal. This time, the notice of appeal left no ambiguity as to Keller's intention to appeal to the district judge. The judge then granted the extension of time motion and affirmed the magistrate's order on March 6. On March 30, 1987, Keller filed in this Court a petition for leave to appeal from the decision of the district court. A motions panel of this Court granted the petition on August 13, 1987.[2] The appeal was docketed in this Court at No. 87–3528. The two appeals were then consolidated for the purposes of briefing and disposition.

II.

A. *Jurisdiction of This Court Over No. 87–3118*

Federal Rule of Civil Procedure 74(a)[3] governs the time for filing an appeal with the district judge from a final order of a magistrate. This rule is analogous to Federal Rule of Appellate Procedure 4(a)(4) in two respects: both provide for the termination of the original appeal period by a timely motion pursuant to Fed.R.Civ.P. 59 and the commencement of a new appeal period upon the disposition of such motion, and both allow thirty days from the entry of the final order for filing the notice of appeal.

---

**2.** The petition for leave to appeal was originally assigned a miscellaneous docket number of 87–8008. Once a petition for leave to appeal is granted by a motions panel, the Clerk assigns a general docket number to the case and issues a briefing schedule—hence the change in docket numbers in the instant case from 87–8008 to 87–3528.

**3.** This Rule provides that,

> [w]hen the parties have elected ... to proceed by appeal to a district judge from a[n] appealable decision made by a magistrate ..., an appeal may be taken from the decision of a magistrate by filing with the clerk of the dis-

trict court a notice of appeal within 30 days of the date of entry of the judgment appealed from....

> The running of the time for filing a notice of appeal is terminated as to all parties by the timely filing of ... the following motion[ ] with the magistrate by any party, and the full time for appeal from the judgment entered by the magistrate commences to run anew from entry of ... [an] order[ ] ... granting or denying a motion under Rule 59 to alter or amend the judgment....

Fed.R.Civ.P. 74(a).

After the magistrate's final order granting summary judgment was entered on December 24, 1986, Keller's timely motion for reconsideration was denied by the magistrate on January 8, 1987. The end of the thirty-day appeal period in this case fell on February 8. Keller's first notice of appeal was filed on February 4, thus meeting the time requirements of Rule 74(a).

The district court had jurisdiction to consider an appeal at the time Keller filed the first notice of appeal. The district judge chose instead to read the first notice of appeal literally, as if Keller intended to appeal to this Court despite the existence of a valid consent agreement indicating that the parties intended to take the appeal of right to the district court. He thus directed the district court clerk to treat the appeal as if it were taken to this Court.

For the following reasons, we do not agree with the district court's technical approach to the construction of Keller's first notice of appeal. Although Rule 74(b) states that "[t]he notice of appeal shall specify the party or parties taking the appeal, designate the judgment, order or part thereof appealed from, *and state that the appeal is to a judge of the district court,*" Fed.R.Civ.P. 74(b) (emphasis added), the Supreme Court has nevertheless stated that "the technical requirements for a notice of appeal [are] not mandatory where the notice 'did not mislead or prejudice' the appellee." *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 387, 98 S.Ct. 1117, 1121, 55 L.Ed.2d 357 (1978) *(per curiam )* (citations omitted); *see also Foman v. Davis,* 371 U.S. 178, 181, 83 S.Ct. 227, 229, 9 L.Ed.2d 222 (1962); *cf.* Third Circuit Court Rule 8(1) [Notice of Appeal—Pro Se Habeas Corpus Application—Form] ("A paper filed ... will not be deemed inadequate as a notice of appeal because of informality in its form or title, as long as it evidences an intention to

appeal."); *but see Carter v. Rafferty,* 826 F.2d 1299, 1304 (3d Cir.1987) (construing strictly the requirement of designation of parties to an appeal), *cert. denied,* —— U.S. ——, 108 S.Ct. 711, 98 L.Ed.2d 661 (1988).[4] Employing this general principle, this Court has held that, where a consent form indicated that the parties agreed to proceed before a magistrate with appeal as of right to this Court, the omission from the notice of appeal of a designation of the court to which the appeal was to be taken "did not invalidate the appeal." *Freeman v. Petsock,* 820 F.2d 628, 630 (3d Cir.1987). Although we are faced here with a factual situation opposite to that in *Freeman,*[5] the same principle is applicable. Appellees do not suggest that they have been misled or prejudiced by the discrepancies in the first notice of appeal. Therefore, we hold that we have no jurisdiction over No. 87–3118 because the district court should have treated the first notice of appeal as an appeal to the district court.

### B. Jurisdiction of this Court Over No. 87–3528

The district court did accept jurisdiction upon the filing of the second notice of appeal. However, this notice of appeal, filed on March 5 from the January 8 order denying reconsideration, was not filed within the thirty-day appeal period prescribed by Rule 74(a). Furthermore, Keller's motion for extension of time to file a notice of appeal, filed on March 5, was not timely filed. Under Rule 74(a), he had only twenty days after the expiration of the thirty-day appeal period—that is, until March 2—to file the request for extension of time. *Cf.* Fed.R.App.P. 4(a)(5) (thirty-day extension of time period). Finally, Rule 74(a) provides that the extension of time motion

---

**4.** Although we did not explicitly distinguish *Banker's Trust* in *Carter,* the omission of John Artis' name from the notice of appeal arguably prejudiced Artis—who had been released from state custody by the district court's grant of a petition for writ of habeas corpus. *Carter,* 826 F.2d at 1303.

**5.** In *Freeman,* the district court had heard an appeal from a magistrate's judgment although various consent forms filed by parties had indicated that the appeal as of right was to be taken to this Court. *See Freeman,* 820 F.2d at 630. Here, the district court refused to consider the first appeal, although the parties indicated that they wanted the appeal as of right to the district court.

be decided by a magistrate, not, as occurred here, by the district judge.

We are thus faced with the question whether the *temporal* requirements of Fed.R.Civ.P. 74 are mandatory and jurisdictional, as are the similar requirements of Fed.R.App.P. 4. The Magistrate's Act itself provides a clue: it states that an appeal from a magistrate's decision to a district judge should be taken "in the same manner as on an appeal from a judgment of the district court to a court of appeals." 28 U.S.C. § 636(c)(4). The advisory committee note to Rule 74 interprets this to mean that "Congress intended that the district court follow the same general procedures ... that a court of appeals follows in reviewing a judgment of the district court." [6] Taken together, the statute and the advisory committee note suggest that the case law developed by this Court regarding appeals under Fed.R.App.P. 4 should inform cases involving application of Rule 74, and we so hold.

Applying this case law to the instant facts, the second notice of appeal, clearly directed to the district court, was nonetheless untimely. *Cf. United States v. Robinson*, 361 U.S. 220, 224, 80 S.Ct. 282, 285, 4 L.Ed.2d 259 (1960) (ten day filing period for notice of appeal in criminal case mandatory and jurisdictional); *IUE AFL-CIO Pension Fund v. Barker & Williamson, Inc.*, 788 F.2d 118, 122 n. 1 (3d Cir. 1986) (motion for extension of time filed more than thirty days after expiration of appeal period invalid); *Dyotherm Corp. v. Turbo Machine Co.*, 434 F.2d 65, 66 (3d Cir.1970) (*per curiam*) (same). Because the district court lacked jurisdiction over the second appeal filed in that court, we similarly lack appellate jurisdiction in No. 87–3528 over the district judge's affirmance of the magistrate's order. See *Mitchell v. Maurer*, 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338 (1934).

### C.

■ Thus we do not have jurisdiction over either of the appeals currently before us. Keller's first appeal, which should have been considered by the district court, was incorrectly sent to this Court. The district court did not have jurisdiction to consider the second appeal, from which Keller filed a petition for leave to appeal to this Court.

Keller, joined by each of the defendants, clearly and voluntarily consented to a first appeal to the district court, with further discretionary review by this Court. Now, more than one year after the magistrate signed the final order, and after Keller has taken one defective appeal to the district court and two defective appeals to this Court, the magistrate's decision has yet to be validly reviewed on appeal. We will remedy this problem by transferring the appeal in No. 87–3118 back to the district court pursuant to 28 U.S.C. § 1631 (1982).[7] *Cf. Freeman*, 820 F.2d at 630–31. This provision allows the first—*i.e.*, the valid—notice of appeal to be treated as if it had been filed in the district court on the date that it was actually filed in that court, February 4, 1987. The district court can then reach the merits of that appeal, over which it has jurisdiction. We will simulta-

---

**6.** In addition, a leading commentator states that [t]he Federal Rules of Appellate Procedure remain relevant in two respects. First, several aspects of Rule 74 are expressly patterned on the analogous appellate rules. Hence interpretation of the compact provisions of the rule is greatly aided by reference to the more thorough-going provisions of the "similar" appellate models. Second, the appellate rules may reasonably be consulted for guidance in matters on which Rule 74, 75 and 76 are silent.

7 J. Moore & M. Waxner, Moore's Federal Practice ¶ 74.01[3], at 74–7–8 (Mar. 1984 rev.) (footnote omitted).

**7.** This section provides for "[t]ransfer to cure want of jurisdiction" as follows:

> Whenever ... an appeal ... is noticed for or filed with ... a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such ... appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the ... appeal shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

28 U.S.C. § 1631 (1982).

neously dismiss the appeal in No. 87–3528 for lack of jurisdiction.[8]

## IV.

For the foregoing reasons, we will transfer appeal No. 87–3118 to the district court and dismiss appeal No. 87–3528.

---

**8.** A motions panel of this Court granted the petition for leave to appeal in No. 87–3528. Although its reasons for doing so are unarticulated, we note that its action fully accords with those of other courts of appeals that have granted petitions for leave to appeal. These courts agree that such a petition should be granted if it states a " 'substantial question of law not previously determined' by the court ... or ... decided ... in a way inconsistent with circuit precedent." *Penland v. Warren County Jail,* 759 F.2d 524, 529 (6th Cir.1985) *(en banc)* (citation omitted); *accord Adams v. Heckler,* 794 F.2d 303, 309 (7th Cir.1986); *Wolff v. Wolff,* 768 F.2d 642, 647 (5th Cir.1985); *see also* 8th Cir.R. 28 ("[P]ermission for leave to appeal ... [will] be granted only if the appeal presents substantial issues for review by this Court."); *but see Moore McCormack Lines, Inc. v. International Terminal Operating Co., Inc.,* 784 F.2d 1542, 1545 (2d Cir.1986) (granting petition "because it appears that the issues to be considered may have some jurisprudential significance").

Conversely, four of these Courts state that denial of a petition for leave to appeal is indicated where

i) the ... issue on appeal is whether the magistrate's findings of fact are clearly erroneous, and the district court sitting as an appellate court has upheld the magistrate's findings; or

ii) the dispositive issue or set of issues has been authoritatively decided recently, and the district court has found the magistrate's judgment to be consistent with the authoritative decisions; or

iii) the issues raised on appeal are otherwise insubstantial.

*Penland,* 759 F.2d at 529; *accord Adams,* 794 F.2d at 309; *Wolff,* 768 F.2d at 647; 8th Cir.R. 28.

This case meets the standards set forth by these other courts of appeals for granting review. The jurisdictional issue posed in No. 87–3528 is a substantial issue involving an unsettled question of law or an incorrect application of settled law. Because we have jurisdiction to consider our own jurisdiction, the motions panel properly referred this issue of first impression to the merits panel.