**Raymond JURADO, Plaintiff,**

v.

**KLEIN TOOLS, INC., Defendant.**

No. 86–1276–C.

United States District Court, D. Kansas.

Jan. 22, 1991.

Russell Mills, Richard Sanborn, Sanborn, Sadowsky & Mills, John W. Johnson, Render, Kamas & Hammond, Wichita, Kan., for plaintiff.

Darrell L. Warta, Foulston, Siefkin, Powers & Eberhardt, Arden J. Bradshaw, Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the plaintiff's effort to vacate the reference of this case for trial before the United States Magistrate. On December 20, 1990, this court directed the clerk to issue the following minute order:

> The plaintiff, having stated his intention to withdraw consent to proceed before the Magistrate, is given ten days from the date of this order to file a written motion requesting the reference to be vacated pursuant to 28 U.S.C. § 636(c)(6). Plaintiff should show in his motion good cause for the relief sought. See *Carter v. Sea Land Services, Inc.,* 816 F.2d 1018 (5th Cir.1987). Defendants will have ten days thereafter to file their response.

After reading the parties' respective filings, the court is ready to address this troubling issue.

In his response, plaintiff sets forth the following circumstances which he believes left him with the only option of withdrawing consent for trial before the Magistrate. At the status conference on December 18, 1990, before Magistrate Reid, plaintiff's counsel asked the Magistrate to compel the defendant to produce several witnesses at trial. The Magistrate asked the parties to submit briefs on this issue before any ruling would be made. Plaintiff's counsel then stated that in the alternative he would take evidentiary depositions of these same witnesses, and defendant's counsel re-

sponded that he would move to quash any depositions. Plaintiff asked the Magistrate to rule on the anticipated motion from the defendant, and the Magistrate reserved his ruling on such a motion until one was filed. With the impending trial date, "[p]laintiff's counsel felt he had no other recourse, in view of Magistrate Reid's decision not to make a ruling concerning the production of the witnesses or, in the alternative, the taking of their evidentiary depositions until the week prior to trial, to withdraw consent for trial before the Magistrate."

In his written response, plaintiff does not request withdrawal of reference; however, he does state twice that consent was withdrawn at the status conference. (Dk. 138, p. 3, ¶¶ 8, 10). Plaintiff also posits that consent was withheld, not withdrawn, as he never personally submitted a signed written consent to proceed before the Magistrate. Plaintiff's written response obviously takes conflicting positions, unless it is assumed that plaintiff is arguing that consent of counsel is not enough and that consent is valid only where the party himself gives a written consent. Such an argument has no basis in the law.

The controlling provision, 28 U.S.C. § 636(c)(1), states in pertinent part:

> *Upon the consent of the parties,* a full-time United States magistrate or a part-time United States magistrate who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves. Upon the consent of the parties, pursuant to their specific written request, any other part-time magistrate may exercise such jurisdiction, if such magistrate meets section 631(b)(1) and the chief judge of the district court certifies that a full-time magistrate is not reasonably available in accordance with guidelines established by the judicial council of the circuit.

(emphasis supplied). Jurisdiction of a magistrate thus depends upon (1) having the "consent of the parties," and (2) being "specially designated to exercise such jurisdiction by the district court."

■ Section 636(c)(1) does not "require a specific form or time of consent or even that it be in writing" except where the proceeding is before a part-time magistrate. *King v. Ionization Intern., Inc.,* 825 F.2d 1180, 1185 (7th Cir.1987); see *Lovelace v. Dall,* 820 F.2d 223, 226 (7th Cir.1987). Nor is there any requirement for consent to be on the record as is found in § 636(c)(4), which addresses the parties' consent to appeal to the district court. Because the constitutionality of this provision hinges upon the valid consent of the parties, courts have refused to infer consent from conduct and have required a "clear, unambiguous, and express consent." *Lovelace,* 820 F.2d at 225 (quoting *Adams v. Heckler,* 794 F.2d 303, 307 (7th Cir. 1986)).

■ As written and applied, § 636(c)(1) does not require the party itself give consent nor does it foreclose the party's counsel from consenting on behalf of the party. There is nothing unique in the wording or in the consequences of § 636(c)(1) which would change the general rule that an attorney has the authority as an agent to bind his client on actions taken within the scope of the attorney's authority. Consents to proceed before a Magistrate given by counsel for the parties are sufficient under the statute. See e.g., *Freeman v. Petsock,* 820 F.2d 628, 629–30 (3rd Cir. 1987); *Caprera v. Jacobs,* 790 F.2d 442, 443 (5th Cir.1986); *Sullivan v. Bankhead Enterprises, Inc.,* 108 F.R.D. 378, 379 (D.Mass.1985).

Plaintiff's counsel clearly and unequivocally consented to proceed before the Magistrate. At the status conference before the district court on May 21, 1990, counsel were asked whether they would consent to the Magistrate handling the trial of the case. Counsel said they were not ready to answer that question as they needed first to confer with others. The court told counsel that, after conferring with whomever they needed to, they should inform the court's deputy of their consent or not. The court also said the counsel should submit

the client's signed written consent for filing if the consent was obtained. Within a short time thereafter, plaintiff's counsel telephoned the court's deputy, Carolyn Lary, and communicated the consent to have the case tried before the Magistrate. (See attachment). Plaintiff's counsel did not condition this consent on any further events nor did he say that it was his consent only and not that of his client's. Defendant's counsel also called the court's deputy and consented to proceed before the Magistrate. Approximately a week before the second scheduled status conference, the court's deputy, at the district court's direction, called counsel for both parties informing them that the status conference and trial would be conducted by Magistrate Reid. As shown by the parties' filings, the counsel attended the status conference before Magistrate Reid and made no objection to proceeding before him until plaintiff's counsel were unable to obtain the rulings they desired from the Magistrate at the conference.

■ Plaintiff has not presented any factual or legal basis for questioning whether plaintiff's counsel acted with the authority of his client when he consented to proceed before the Magistrate. A court in conducting its business must be able to rely consistently on the premise that an attorney's representation to the court is made on behalf of his or her clients. Having every reason to presume that plaintiff's counsel had the consent of his client and communicated the same to the court's deputy, the court finds that plaintiff consented to all further proceedings being administered by the Magistrate. If the plaintiff has any evidence to show otherwise, he should file a motion to reconsider, accompanied by affidavits, within ten days of the filing date of this order.

■ Having found, for now, that plaintiff consented to proceed before the Magistrate, the court must address whether plaintiff can withdraw its validly given consent. A district court may vacate a reference to the Magistrate upon any party showing "extraordinary circumstances." 28 U.S.C. § 636(c)(6). A party has no right to withdraw his or her consent at will, but the court may allow withdrawal upon the showing of good cause. *Carter v. Sea Land Services, Inc.,* 816 F.2d 1018, 1021 (5th Cir.1987).

■ Plaintiff's argued reason for seeking withdrawal falls far short of extraordinary circumstances or even good cause. In fact, plaintiff's request to withdraw consent was obviously contrived to cause delay. Rather than asking the Magistrate for a continuance in order to secure the witnesses' testimony either in person or by deposition, plaintiff's counsel created the delay by attempting to withdraw their consent. Such conduct needlessly tested the bounds of reasonable advocacy and caused unnecessary burdens for the court and the parties. The court cautions counsel against similar conduct in the future.

IT IS THEREFORE ORDERED that the plaintiff's request to withdraw his consent to proceed before the magistrate is denied, and the case remains referred to Magistrate Reid for trial and all other proceedings.

### ATTACHMENT

### UNSWORN DECLARATION UNDER PENALTY OF PERJURY

I am the court deputy for the United States District Court Judge Sam A. Crow. I know the following to be true and correct in connection with the case of *Raymond Jurado v. Klein Tools, Inc.,* No. 86–1276.

Within a short time after Judge Crow's status conference of May 21, 1990, counsel for plaintiff, Mr. John Johnson, telephoned me to say that plaintiff consented to have the case tried before Magistrate Reid. Mr. Johnson did not say that this consent was only his and not his client's. I informed both Judge Crow and Magistrate Reid of plaintiff's consent.

At the direction of Judge Crow, approximately a week before the second scheduled status conference in December of 1990, I told counsel for both parties by telephone that, in light of their prior consents, Magistrate Reid would be handling the confer-

ence and trial of this case. No objection was made by either party at that time.

I declare and state under penalty of perjury that the foregoing is true and correct.

/s/ <u>Carolyn Lary</u>
Carolyn Lary, Court Deputy