967 F.2d 585
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Henry FERDIK, Petitioner-Appellant,
v.
Robert K. CORBIN, Attorney General; Deborah Lister, et al.,
Respondents-Appellees.
 No. 91-16016.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 24, 1992.*
Decided July 2, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Henry Ferdik appeals pro se the district court's summary judgment in favor of defendant Sam Sublett[1] in Ferdik's 42 U.S.C. § 1983 action. Ferdik alleges that Sublett violated his constitutional right of access to the courts by depriving him of his legal materials. We have jurisdiction pursuant to 28 U.S.C. § 1291.[2] We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and affirm.
 
 
 3
 Ferdik contends that he was denied meaningful court access because prison officials prohibited him from taking two boxes of legal materials with him when he was transferred to another jail to await an evidentiary hearing. Specifically, he contends that Sublett violated his right to court access when he failed to respond to Ferdik's request for the return of the two boxes.
 
 
 4
 The Constitution requires that inmates be given "meaningful" access to the courts. Bounds v. Smith, 430 U.S. 817, 824-25 (1977). The right of access requires prison authorities to provide "adequate law libraries or adequate assistance from persons trained in the law." Id. at 828.
 
 
 5
 If an inmate does not allege inadequate law libraries or inadequate legal assistance, then the inmate has a claim for denial of access to the courts only if he alleges "actual injury" to court access. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). Actual injury consists of a specific instance in which a plaintiff was actually denied access to the courts. Id.
 
 
 6
 Moreover, a temporary deprivation of an inmate's legal materials does not, in all cases, rise to the level of a constitutional deprivation. Vigliotto v. Terry, 873 F.2d 1201, 1202-03 (9th Cir.1989); see also Holloway v. Dobbs, 715 F.2d 390, 391-92 (8th Cir.1983) (allegation that prisoner was denied access to two boxes of his legal materials on one of his trips to court because the guard sent the wrong set of documents failed to state a claim).
 
 
 7
 Here, Ferdik was transferred on November 17, 1987. Prison officials allowed him to take one box of legal materials with him at that time. They sent the two remaining boxes to Ferdik on April 5, 1988. Ferdik contends that this delay prevented him from timely responding to responses he received in ten other civil actions pending at that time in district court and the Maricopa County Superior Court. Thus, Ferdik alleges that the ten cases were subsequently dismissed as a result of his failure to timely respond to the procedural developments in the cases.
 
 
 8
 The magistrate judge thoroughly reviewed this contention, examining each of the ten cases individually, and concluded that none of Ferdik's cases were dismissed or otherwise adversely prejudiced because he was unable to respond due to a lack of legal materials. Accordingly, it found that Ferdik had failed to demonstrate actual injury as a result of the deprivation. See Sands, 886 F.2d at 1171. We find no error in the magistrate judge's analysis.
 
 
 9
 Under Federal Rule of Civil Procedure 56(e), Ferdik had the burden of presenting "specific facts" to support his claim that he was denied access to the courts and could not "rest upon the mere allegations or denials of [his] pleadings." See Fed.R.Civ.P. 56(e). Rather than presenting any specific facts showing injury, Ferdik merely repeated the allegations of injury that he stated in his third amended complaint. Because there is no genuine issue of material fact concerning actual injury to Ferdik's court access, Sublett was entitled to summary judgment as a matter of law. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); Sands, 886 F.2d at 1171.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ferdik's third amended complaint named a number of defendants, including Robert Corbin and Deborah Lister. The claims against Corbin, Lister, and the other defendants were dismissed on June 26, 1990. Prison Warden Sublett is the only remaining defendant in this action
 
 
 [2]
 Defendants contend that we lack appellate jurisdiction because Ferdik failed to file a timely notice of appeal. The parties consented to proceed before the United States Magistrate pursuant to 28 U.S.C. § 636(c)(3). Although under this Rule Ferdik filed his notice of appeal to the Ninth Circuit late, we construe his request for de novo review, filed in the district court fifteen days after entry of judgment, as a constructive notice of appeal. See Wilborn v. Escalderon, 789 F.2d 1328, 1330 (9th Cir.1986) (motion to proceed in forma pauperis construed as notice of appeal because it (1) demonstrated an intent to appeal; (2) was served upon defendants; and (3) was timely filed); see also Freeman v. Petsock, 820 F.2d 628, 630 (3rd Cir.1987) (notice of appeal from decision of magistrate, improperly filed with district court, should have been treated as appeal to the Court of Appeals in interest of justice, even though it was technically defective)