**Rosemary FRANK, et al., Plaintiffs,**

v.

**COUNTY OF HUDSON,
et al., Defendants.**

**Civil Action No. 93–4703.**

United States District Court,
D. New Jersey.

April 17, 1997.

Clifford L. Van Syoc, Cherry Hill, NJ, for Plaintiffs.

Richard L. Friedman, Giordano, Halleran & Ciesla, Road Middletown, NJ, for Defendants.

## OPINION

WOLIN, District Judge.

This case is before the Court on the motion of plaintiff Rose Frank to vacate this Court's Order referring this civil matter to Magistrate Judge Joel A. Pisano for trial. The Court has decided the matter under Federal Rule of Civil Procedure 78. For the reasons stated herein, the plaintiff's motion will be denied.

■ Plaintiff argues that this Court should vacate its referral of this case to Judge Pisano for trial: (1) because plaintiff Frank allegedly did not consent to the referral; and (2) because Frank withdraws any apparent consent because Judge Pisano allegedly appears biased against plaintiff. The Court finds, however, that vacation of the referral is not warranted because plaintiff Frank consented to this Court's referral of this matter to Judge Pisano for trial and there is no good cause, let alone the "extraordinary circumstances" requisite to vacate the referral.[1]

---

1. The Court is sensitive to defendants' concern that Frank's motion here is not timely, but addresses her motion on the merits because her avowed concerns are serious.

A motion to withdraw consent to trial before a magistrate must be timely. *See, e.g., United States v. Mortensen*, 860 F.2d 948, 950 (9th Cir. 1988) (holding that motion to withdraw consent filed on the morning that retrial was scheduled to begin was not timely and appeared intentionally calculated to cause delay and interference), *cert. denied*, 490 U.S. 1036, 109 S.Ct. 1935, 104 L.Ed.2d 406 (1989); *Carter v. Sea Land Servs., Inc.*, 816 F.2d 1018, 1021 (5th Cir.1987) (observ-

ing that court may consider undue delay in determining whether to permit withdrawal of consent and refusing to allow withdrawal of consent sought only after magistrate made unfavorable rulings) Courts generally permit the motion to withdraw consent where it would not unduly interfere with or delay the proceedings. *See Mortensen*, 860 F.2d at 950; *Carter*, 816 F.2d at 1021.

In the current case, Frank's motion appears untimely. She filed her motion only two days before the trial before Magistrate Judge Pisano was to begin. And prior to filing this motion Frank gave no indication that she did not con-

## DISCUSSION

The Court referred this case to Judge Pisano for trial with the consent of the parties pursuant to 28 U.S.C. § 636(c) and Fed. R.Civ.P. 73.

### A. Frank Validly Consented to Trial Before Magistrate Judge Pisano

Frank first asserts that she never consented to trial of the case before Judge Pisano and that the referral was invalid. The Court finds otherwise. Section 636(c)(1) provides that this Court may refer any or all proceedings in any civil matter to a magistrate judge with the consent of the parties:

> Upon the consent of the parties, a full-time United States magistrate or a part-time United States magistrate who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves....

28 U.S.C. § 636(c)(1). Likewise, Federal Rule of Civil Procedure 73(b) indicates:

> When a magistrate judge has been designated to exercise civil trial jurisdiction, the clerk shall give written notice to the parties of their opportunity to consent to the exercise by a magistrate of civil jurisdiction over the case, as authorized by Title 28, U.S.C. § 636(c)....

Fed.R.Civ.P. 73(b).

■ By its own terms, section 636(c)(1) does not require a specific form or time of consent or even that it be in writing, unless the proceeding is before a part-time magistrate. *See, e.g., Jurado v. Klein Tools, Inc.,* 755 F.Supp. 368, 369 (D.Kan.1991) (citing *King v. Ionization Intern., Inc.,* 825 F.2d 1180, 1185 (7th Cir.1987); *Lovelace v. Dall,* 820 F.2d 223, 226 (7th Cir.1987)).

■ Nor does section 636(c)(1) by its terms require the party itself to give consent or foreclose the party's counsel from consenting on behalf of the party. Rather, the general rule that an attorney has the authority as an agent to bind a client on actions taken within the scope of the attorney's authority applies, and an attorney's consent to proceed before a magistrate judge is sufficient under the statute. *See, e.g., Freeman v. Petsock,* 820 F.2d 628, 629 (3d Cir.1987) (counsel signed consent on behalf of all defendants); *Jurado,* 755 F.Supp. at 371 ("A court in conducting its business must be able to rely consistently on the premise that an attorney's representation to the court is made on behalf of his or her clients.").

Although Frank avers in her declaration that she did not consent to have her case tried before Judge Pisano, from all of the circumstances it appears that Frank did consent to the reference, and the Court so finds.

Most importantly, Loftis signed a consent form on Frank's behalf. Frank does not now deny that Loftis consented on her behalf, although she has previously endeavored to make that argument to Judge Pisano. Rather, Frank argues that she was unaware that Loftis consented or that Loftis had no authority to consent.

■ The Court rejects Frank's contention. Loftis, an officer of the Court with personal knowledge of the relevant events, indicates that she conferred with Frank about the referral to Judge Pisano and that Frank consented to the referral. Loftis indicates also that Frank never objected to the referral during Loftis' representation of Frank. Additionally, Frank's active participation in the case before Judge Pisano and Frank's failure to object to the reference until two days before trial suggest that she did consent. Frank's allegations that she did not consent and that her attorney Loftis behaved inappropriately during her representation of Frank do not vitiate Loftis' consent to the reference to the magistrate judge on Frank's behalf.

### B. No "Extraordinary Circumstances" Exist for the Court to Vacate Its Reference of this Case to Magistrate Judge Pisano

■ Plaintiff now asserts that extraordinary circumstances exist for which this Court

---

sent to the reference to Magistrate Judge Pisano. Nevertheless, particularly because Frank alleges that Magistrate Judge Pisano appeared biased several days before the trial was to begin, the Court will address the substance of her concerns.

may vacate the reference in accordance with 28 U.S.C. § 636(c)(6) and Federal Rule of Civil Procedure 73(b). Federal Rule of Civil Procedure 73(b) provides that this Court may vacate its reference to a magistrate judge on motion of a party only under "extraordinary circumstances." Fed.R.Civ.P. 73(b);[2] *see, e.g., Wharton–Thomas v. United States,* 721 F.2d 922, 927 (3d Cir.1983); *Lorenz v. Valley Forge Ins. Co.,* 815 F.2d 1095, 1097 (7th Cir.1987) (finding no "extraordinary circumstance" where magistrate permitted plaintiffs to amend their complaint to request $10,000,-000 in punitive damages where original complaint sought $150,000). The Court may *sua sponte* vacate its reference only for good cause. *See, e.g., Wharton–Thomas,* 721 F.2d at 927.

■ Here, the Court must apply the "extraordinary circumstances" standard because it is the plaintiff who has moved to vacate this Court's reference of the case to Judge Pisano. Plaintiff wholly fails to present allegations that meet this threshold, however. Even the lesser "good cause" standard would not here be satisfied.

Frank indicates that Judge Pisano has not made any "biased rulings adverse to [her]," but nevertheless argues that "he has a strong bias and that the conduct and demeanor complained of [ ] is not merely an example of inappropriate judicial temperament." (Van Syoc Decl. ¶ 8). Specifically, Frank's counsel Van Syoc indicates that Magistrate Judge Pisano treats defense counsel with "obvious warmth" but treats plaintiff's counsel with hostility. (*Id.*). Van Syoc alleges also that Magistrate Judge Pisano "got angry" when Van Syoc indicated in a settlement conference that his client would not settle for less $1.0 million or $750,000 and alleges that Judge Pisano referred to the case negatively during an *in camera* meeting with counsel. (*Id.* ¶¶ 4–5). Last, Van Syoc alleges that Judge Pisano wrongfully allotted the Frank case three weeks for trial instead of the six weeks that Van Syoc had requested for his "witness intensive" case. (*Id.* ¶ 7).

■ The Court has no basis on which to assess the validity of Van Syoc's assertions. Even if Van Syoc's assertions were true, however, they do not demonstrate "good cause," let alone the "extraordinary circumstances" necessary for this Court to permit Frank to withdraw her consent to trial before Judge Pisano. Frank's allegations that Judge Pisano appears biased do not suggest any bias; even Frank admits that no biased rulings have occurred. And Frank's complaint that Magistrate Judge Pisano allotted her three weeks instead of six for trial also fails to establish a basis for this Court to vacate the reference. Judge Pisano's determination of what witnesses will be permitted is a substantive determination that cannot be the basis to vacate a reference; to vacate a reference on this ground would unfairly permit a party to shop for an accommodating judge.

## CONCLUSION

Because the Court finds that Frank consented to this Court's reference of her case to Magistrate Judge Pisano for trial and because Frank failed to demonstrate any basis on which this Court could vacate its reference, Frank's motion to vacate the reference will be denied.

An appropriate Order is filed herewith.

### *ORDER*

In accordance with the Court's Opinion filed herewith,

It is on this 17th day of April, 1997,

ORDERED that the motion of plaintiff Rose Frank to vacate this Court's Order referring this civil matter to Magistrate Judge Joel A. Pisano trial is denied.

---

**2.** The statute provides in pertinent part:

    The district judge, for good cause shown on the judge's own initiative, or under extraordinary circumstances shown by a party, may vacate a reference of a civil matter to a magistrate judge under this subdivision.
Fed.R.Civ.P. 73(b).