736 F.2d 313
 Philip Carmikle PARKS, a minor, By and Through his parents
and next friends, Bobby Joe PARKS and Clara Mae
Parks, Plaintiffs-Appellees,
v.
Geneva COLLINS, individually, and in her capacity as
Instructor, Claiborne County Schools and John Charles Noble,
individually and in his capacity as Superintendent of the
Claiborne County Public Schools, Defendants-Appellants.
 No. 83-4107.
 United States Court of Appeals,
Fifth Circuit.
 July 16, 1984.
 
 Firnist J. Alexander, Jr., Jackson, Miss., for defendants-appellants.
 Robert C. Connor, Jr., M. Rush O'Keefe, Jr., Port Gibson, Miss., Wilbur Colom, Columbus, Miss., for plaintiffs-appellees.
 Appeal from the United States District Court For the Southern District of Mississippi.
 Before GEE, RANDALL, and JOHNSON, Circuit Judges.
 JOHNSON, Circuit Judge:
 This is an appeal in a Sec. 1983 action from a verdict against defendants after trial before a magistrate pursuant to 28 U.S.C. Sec. 636(c). The jury returned a verdict against defendants for both actual and punitive damages. On appeal, defendant argues that because Local Rule VII of the United States District Court for the Southern District of Mississippi was not followed, the magistrate had no jurisdiction to hear the case.[1] We hold that the local rule is not jurisdictional and that defendant, who failed to object below, cannot now on appeal complain of the failure to follow the requirements of the local rule.
 28 U.S.C. Sec. 636(c) of the 1979 Federal Magistrate Act authorizes magistrates, when specially designated by the district court, to exercise jurisdiction over civil matters and enter a final judgment in civil cases, provided the parties consent to the reference to the magistrate. Pursuant to Sec. 636(c), Local Rule VII of the United States District Court for the Southern District of Mississippi sets out procedures for referring cases to magistrates. The instant case was assigned to a United States Magistrate for trial before a jury by an order of reference entered September 17, 1982. The order of reference was entered despite the fact that no written consent form had been filed as required by Local Rule VII.[2] After the jury returned a verdict against defendants, defendants argued in a motion for new trial that the judgment against them should be vacated for want of jurisdiction and the cause remanded for a new trial.
 Defendants' first objection to the reference of the case to the magistrate came in their motion for new trial. The only objection to referral prior to trial came from plaintiffs. On September 17, 1982, plaintiffs' attorney made an oral motion to withdraw his consent for the United States Magistrate to try the case. The court denied plaintiffs' motion and referred the case to the magistrate for trial. The September 17, 1982, order of reference clearly states that a written consent form was not formally executed and filed as required by the local rule. Nonetheless, the court explains in the September 17 order why it was denying plaintiffs' motion to withdraw their oral consent to referral. The court stated that plaintiffs' attorney had agreed to jury trial with a magistrate presiding; that pursuant to the agreement between plaintiffs' attorney, defendants' attorney and the court, a jury was empaneled on September 13, 1982, and the case set for trial October 5, 1982; that it would work great hardship to the court, counsel for defendants, and to the litigants if plaintiffs were allowed to withdraw their consent at such a late date; that the interests of justice would be best served by requiring plaintiffs' attorney to fulfill his agreement with the court to have the magistrate try the case.
 
 
 1
 At the time plaintiffs attempted to withdraw their consent, defendants voiced no objection to referral to the magistrate. Indeed, defendants must have opposed plaintiffs' motion, as the court's order recites that granting the motion "would work great hardship to ... counsel opposite...." Clearly, since defendants' first objection to referral to the magistrate was made in a post-trial motion, defendants have no standing on appeal to object unless the requirement of the local rule is jurisdictional.
 
 
 2
 Defendants suggest that the magistrate has no jurisdiction to hear the case until the parties' consent is in writing and filed with the court. We disagree. Local Rule VII is not a restriction on the jurisdiction of the court. Instead, the local rule sets out the procedure whereby civil cases are assigned to magistrates. Indeed, defendants state in their brief that Rule VII "provides for a procedure for the referral of civil cases to magistrates...." The statute itself provides that "[r]ules of the court for the reference of civil matters to magistrates shall include procedures to protect the voluntariness of the parties' consent." 28 U.S.C. Sec. 636(c). It follows that the procedures set forth in Local Rule VII of the United States District Court for the Southern District of Mississippi are to "protect the voluntariness of the parties' consent" as required by statute--not to restrict the court's own jurisdiction. The requirement of the execution and filing of a written consent form is to ensure that the waiver of the right to a trial before a district judge is undertaken freely and voluntarily. Defendants here gave their consent freely and voluntarily; indeed, they opposed plaintiffs' motion to withdraw their consent.
 
 
 3
 Defendants cite no authority for the proposition that the filing of a written consent form is jurisdictional, and we can find none. We hold that the procedures provided by Local Rule VII for the assignment of civil cases to magistrates are simply a restriction on the manner by which the district court exercises its jurisdiction--not a restriction on the jurisdiction of the court itself. Consequently, defendant has no standing on appeal to object to the court's failure in this case to abide by the procedural safeguards for the voluntariness of the parties' consent. Our holding today in no way implies that it is not necessary to have the written consent of the parties to trial before a magistrate or that it is not necessary to comply with local rules. We hold merely that under the circumstances of this peculiar case, we find it necessary to affirm. To do otherwise would be to accord jurisdictional status to a local rule whose purpose is to establish procedures for assigning civil cases to magistrates and, in so doing, to protect the voluntariness of the parties' consent to trial before a magistrate.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 This case was classified for oral argument in order to address the question presented by the district court's failure to follow the requirements of Local Rule VII of the District Court for the Southern District of Mississippi. The various other points of error raised on appeal are without merit and do not require written disposition
 
 
 [2]
 Local Rule VII provides:
 (b) Execution of Consent
 The clerk shall not accept a consent form unless it has been signed by all parties in a case. The plaintiff shall be responsible for securing the execution of a consent form by the parties and for filing such form with the clerk of court. No consent form will be made available, nor will its contents be made known to any judge or magistrate, unless all parties have consented to the reference to a magistrate. No magistrate, judge, or other court official may attempt to persuade or induce any party to consent to the reference of any matter to a magistrate. This rule, however, shall not preclude a judge or magistrate from informing the parties that they may have the option of referring a case to a magistrate.
 Local Rule VII, no. 1. Referral of Civil Cases to Magistrate (b) Execution of Consent.