**Mary CARTER, Plaintiff-Appellant,**

v.

**SEA LAND SERVICES, INC., Defendant-Appellee.**

No. 85–3137.

United States Court of Appeals, Fifth Circuit.

April 30, 1987.

Michael J. Riley, Sr., Ernest L. Jones, New Orleans, La., for plaintiff-appellant.

Cornelius R. Heusel, Everett H. Mechem, Steven Blackburn, Kullman, Inman, Bee & Downing, New Orleans, La., for defendant-appellee.

Before GEE, POLITZ, and WILLIAMS, Circuit Judges.

POLITZ, Circuit Judge:

Appealing an adverse judgment rejecting her employment discrimination claims against Sea-Land Services, Inc., Mary Carter also challenges the denial of her motion to withdraw her consent to trial before a magistrate. Finding the consent valid and enforceable, and perceiving neither erroneous findings of fact nor error of law in the decision appealed, we affirm.

## Background

Carter, a black female, was a ten-year employee of Sea-Land, beginning as a clerk-typist and advancing to secretary, sales coordinator, and finally booking coordinator. In 1981 and 1982 she received the maximum pay increases granted by Sea-Land, 13% and 10% respectively. In 1982, Sea-Land hired an outside white male as assistant marine manager.

Carter filed a Title VII complaint with the Equal Employment Opportunity Commission, claiming racial and sexual discrimination because she was not promoted to assistant marine manager. The EEOC investigated, declined to proceed, and issued a right-to-sue letter. Carter filed the instant complaint.

In April 1984, the parties and their counsel participated in a status conference before Magistrate Michaelle Wynne. The

magistrate advised the parties of their right to trial before a district judge. Both parties opted for trial before the magistrate under 28 U.S.C. § 636(c), signing the requisite consent form. The district judge issued an appropriate order of reference.

In August 1984, Carter's counsel withdrew and new counsel enrolled. The magistrate granted Carter a continuance and leave to amend the complaint to include an allegation that she was paid less than two similarly situated white female employees. The trial was set for early February 1985.

In late January 1985, Carter's new counsel orally requested another continuance, threatening to withdraw if the continuance was not granted. The magistrate denied the continuance and refused to permit counsel to withdraw on the virtual eve of trial.

On January 25, Carter's attorney informed the magistrate that his client no longer consented to a magistrate's trial. Counsel claimed that Carter was not aware of the significance of what she signed and had signed without the advice of counsel. On January 31, five days before trial, Carter filed a written motion to revoke her consent. The magistrate denied the motion.

After trial, the magistrate found Carter less qualified for the position than the man eventually hired. In fact, the magistrate found that "Sea-Land has bent over backward to treat [Carter] fairly." As for the pay disparity, the magistrate found that Carter was paid less than one of the specified co-employees, but that lady had eight more years of seniority with the company. Judgment dismissing the complaint was entered.[1]

### Analysis
#### Consent to Trial Before a Magistrate

Carter complains of the denial of her motion to withdraw consent to trial before the magistrate. The Federal Magistrate Act of 1979 provides that:

> Upon the consent of the parties, a full-time United States magistrate ... may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves.

28 U.S.C. § 636(c)(1). The statute also provides that the court shall take positive steps to ensure that the parties understand their right to consent, and to protect the voluntariness of that consent. 28 U.S.C. § 636(c)(2). Upon entry of judgment, appeal may be made directly to the appropriate court of appeals, 28 U.S.C. § 636(c)(3), but the district court may vacate the reference "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." 28 U.S.C. § 636(c)(6).

In accordance with these procedures, both parties signed a form expressly consenting to the reference. Carter does not deny that her consent was valid when made. *Puryear v. Ede's Ltd.*, 731 F.2d 1153 (5th Cir.1984). Instead, she challenges only the denial of her "right" to withdraw consent. We are not persuaded that a litigant has such a right. We find nothing in the statute or the legislative history that requires continuing expressions of consent before a magistrate can exercise authority under a valid reference. Nor will we accept the slippery-slope invitation to read into the statute a rule that would allow a party to express conditional consent to a reference, thereby obtaining what amounts to a free shot at a favorable outcome or a veto of an unfavorable outcome. Any such rule would allow the party to hold the power of consent over the magistrate like a sword of Damocles, ready to strike the reference should the magis-

---

1. The court also found that Carter's case was "plain frivolous" and without "one iota of merit." Accordingly, it later issued a judgment in favor of Sea-Land for $16,785.85 in attorneys' fees under 42 U.S.C. § 1988. *See Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). Carter's notice of appeal, filed before the judgment awarding attorneys' fees, challenged only the judgment of dismissal. The subsequent judgment awarding attorneys' fees is not before us. *See Culinary & Service Employees Union v. Hawaii Employee Benefit Association,* 688 F.2d 1228 (9th Cir. 1982).

trate issue a ruling not quite to the party's liking. We will not countenance such fast and loose toying with the judicial system.

■ Likewise, we perceive no constitutional error. Parties may waive even fundamental rights, including the right to be free from self-incrimination, *Garner v. United States,* 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976), the right to counsel, *Adams v. United States ex rel. McCann,* 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942), the right to be free from unreasonable searches and seizures, *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), the right to a jury trial, *Duncan v. Louisiana,* 391 U.S. 145, 158, 88 S.Ct. 1444, 1452, 20 L.Ed.2d 491, 501 (1968), and, by pleading guilty, the right to trial itself. *See Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274, 279 (1969). And today we make clear that consent to trial before a magistrate waives the right to trial before an article III judge. Once a right, even a fundamental right, is knowingly and voluntarily waived, a party has no constitutional right to recant at will. *See, e.g., Schneckloth,* 412 U.S. at 219, 93 S.Ct. at 2043, 36 L.Ed.2d at 858; *United States v. Andrews,* 746 F.2d 247 (5th Cir. 1984).

■ We therefore conclude that there is no absolute right to withdraw a validly given consent to trial before a magistrate. Consistent with the standard for granting motions to withdraw other waivers of rights, motions to withdraw consent to trial before a magistrate may be granted only for good cause, determination of which is committed to the court's sound discretion. *See Kirshberger v. United States,* 392 F.2d 782 (5th Cir.1968) (withdrawal of guilty plea); *Cox v. C.H. Masland & Sons, Inc.,* 607 F.2d 138 (5th Cir.1979) (Fed.R.Civ.P. 39(b) motion to withdraw waiver of jury trial); *United States v. Mitchell,* 777 F.2d 248 (5th Cir.1985) (motion for continuance to allow representation of specific counsel). It should scant need be said, but when a party can show his consent was obtained involuntarily or through undue influence, § 636(c) requires the authorization of withdrawal. *See Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) (due process requires that guilty plea be voluntarily and knowingly made).

In exercising its discretion a court should consider a variety of factors, always remaining open and receptive to consideration of these motions. *See O'Malley v. United States Fidelity & Guaranty Co.,* 776 F.2d 494 (5th Cir.1985); *Lewis v. Thigpen,* 767 F.2d 252 (5th Cir.1985) (applying standard to waiver of jury trial). Among the things a court may consider are: undue delay, *Gandy v. Alabama,* 569 F.2d 1318 (5th Cir.1978), inconvenience to the court and witnesses, *United States v. Lochamy,* 724 F.2d 494 (5th Cir.1984), prejudice to the parties, *United States v. Unum,* 658 F.2d 300 (5th Cir.1981), whether the movant is acting *pro se, Lewis,* whether consent was voluntary and uncoerced, *United States v. Carr,* 740 F.2d 339 (5th Cir.1984), whether the motion is made in good faith or is dilatory and contrived, *Gandy,* the possibility of bias or prejudice on the part of the magistrate, *Chanofsky v. Chase Manhattan Corp.,* 530 F.2d 470 (2d Cir.1976), and whether the interests of justice would best be served by holding a party to his consent, *Parks v. Collins,* 736 F.2d 313 (5th Cir. 1984) (motion to withdraw consent to magistrate).

■ In this case, Carter presented the magistrate no legitimate reason to permit withdrawal of her consent. Instead, she claims she was not aware of the significance of the document she signed and that she signed it without advice of counsel. To the contrary, Carter's first attorney was present and participated in the conference at which she signed the consent form.

On the other hand, the magistrate articulated several reasons for denying the motion. The magistrate was convinced, a conviction we share, that Carter's consent was made knowingly and voluntarily and in the presence of her first counsel. Further, Carter's attorney sought to withdraw consent only after the magistrate denied his second motion for continuance and his motion to withdraw as counsel, an action we perceive to be on the outer limits of profes-

sional propriety, not shielded by counsel's obligation of zealous representation. The record abounds with support for the magistrate's exercise of discretion. *See Morris v. Slappy,* 461 U.S. 1, 13, 103 S.Ct. 1610, 1617, 75 L.Ed.2d 610, 621 (1983) (trial court's denial of motion for continuance to allow representation by a particular public defender was not an abuse of discretion in violation of sixth amendment where motion was "a transparent ploy for delay"). The magistrate also denied the motion of Carter's second counsel to withdraw from the case because of the imminence of trial. Prudently Carter does not challenge that denial.

*Employment Discrimination*

 To establish a claim of disparate treatment under Title VII, Carter was required to show that Sea-Land intentionally discriminated against her, because of her race or sex, by failing to promote her to assistant marine manager.[2] 42 U.S.C. § 2000e–2(a). Once the court accepts evidence of a legitimate, nondiscriminatory reason for the apparent disparate treatment, the question for the court is whether plaintiff met her ultimate burden of proving discrimination. *See United States Postal Service Board of Governors v. Aikens,* 460 U.S. 711, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983). On review, we must affirm unless the findings are clearly erroneous, *i.e.,* we are left with the definite and firm conviction that a mistake has been committed. Fed.R.Civ.P. 52(a); *see Oil, Chemical, and Atomic Workers International Union v. Ethyl Corporation,* 703 F.2d 933 (5th Cir.1983).

The magistrate concluded that Sea-Land had legitimate, nondiscriminatory reasons for denying Carter the promotion, finding her less qualified than the white male hired; indeed, the magistrate found Carter wholly unqualified for the position. The assistant marine manager was required to supervise the stevedoring activity of a number of workers. Carter had little or no skill or experience in stevedoring or supervising blue-collar workers. Moreover, the decision to fill the job from outside the

company was made after rejecting all current employees, some of whom had better qualifications than Carter.

Carter tried to show that Sea-Land's listed job qualifications were pretextual. She maintained that Sea-Land added job requirements, such as stevedoring experience and academic work at a merchant marine academy, solely to ensure that she would not qualify. The magistrate was persuaded that these were legitimate reasons. So are we. The magistrate found Sea-Land's testimony more credible than Carter's, and in this we cannot say she erred. *See Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207, 217 (1981).

AFFIRMED.

---

**2.** Carter does not press on appeal her claim of pay discrimination.