United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 8, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-40570
Summary Calendar
_____

PERCY FOREMAN,

Plaintiff-Appellant,

versus

M.W. TOMBLIN, Captain; UNIDENTIFIED BLEDSOE;
UNIDENTIFIED SMITH,

Defendants-Appellees.
-------------------------------------------------------------------
PERCY FOREMAN,

Plaintiff-Appellant,

versus

M. TOMBLIN, Disciplinary Captain; UNIDENTIFIED BLEDSOE,
Correctional Officer III; UNIDENTIFIED SMITH, Correctional
Officer III; JANE DOE, Correctional Officer III; TEXAS
DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:02-CV-52
USDC No. 9:02-CV-339
---------------------
Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

--------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Percy Foreman, Texas inmate # 926545, proceeding pro se and in forma pauperis ("IFP"), appeals the dismissal as frivolous and for failure to state a claim of his 42 U.S.C. § 1983 complaint. Foreman contends that Officer Bledsoe failed to protect him from injury inflicted by another inmate. He asserts that Officer Smith delayed in providing medical treatment and that he was denied necessary medical treatment and medication. In addition, Foreman contends that Officer Smith allowed inmates to enter his cell and take his personal property.

Review of the 28 U.S.C. § 1915A dismissal of a prisoner's civil rights complaint is de novo. Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998). We assume that the plaintiff's factual allegations are true, and we uphold the dismissal "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998).

A failure-to-protect claim requires a prisoner to show that he was "'incarcerated under conditions posing a substantial risk of serious harm, and that prison officials were deliberately indifferent to his need for protection.'" Newton v. Black, 133 F.3d 301, 308 (5th Cir. 1998). A prison official acts with deliberate indifference if he is "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and if he draws the inference. Newton, 133 F.3d at 308.

Foreman's complaints, his testimony at the Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985) hearing, and his assertions in this court do not state a failure-to-protect claim. Foreman's allegations establish, at most, that Officer Bledsoe should have assumed that the inmate was going to hurt Foreman. Foreman has not shown that Officer Bledsoe was aware of facts from which he could have drawn the inference that the inmate was a threat of substantial harm to Foreman's safety and that Bledsoe drew the inference. See Newton, 133 F.3d at 308.

Foreman's medical treatment claims establish Foreman's disagreement with the care that he received but do not state a claim of constitutional dimension based on deliberate indifference to serious medical needs. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Claims of negligent or intentional deprivation of property by state officials do not rise to the level of due process violations if state law provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533-34 (1984); Murphy v. Collins, 26 F.3d 541, 543-44 (5th Cir. 1994). Texas provides an adequate post deprivation remedy. Murphy, 26 F.3d at 543-44. Foreman has not stated a claim based on the loss of his property.

Foreman has abandoned his claims concerning the denial of due process by failing to assert them in this court. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Foreman has not shown that the magistrate judge abused discretion by denying his motion to withdraw consent to the magistrate judge's disposition of his case. Valid consent to trial before a magistrate judge waives the right to trial before an Article III judge, and such consent will be withdrawn only for good cause. Carter v. Sea Land Services, Inc., 816 F.2d 1018, 1021 (5th Cir. 1987). Foreman has not alleged prejudice as a result of the magistrate judge's disposition of his case. He has not shown good cause for the withdrawal of his consent. See id.

Foreman has not demonstrated that exceptional circumstances warranted the appointment of counsel in his case. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). Foreman's claims are not unusually complex, and he has demonstrated the ability to file motions and present his case adequately. The denial of appointed counsel was not an abuse of discretion. Ulmer, 691 F.2d at 212.

Accordingly, the judgment is AFFIRMED. The dismissal of Foreman's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Foreman is cautioned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.