United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 14, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 02-41351
Summary Calendar

_____

ZACHARY L. KNIGHTEN,

Plaintiff-Appellant,

versus

L. JOHN, Etc.; ET AL.,

Defendants,

EDWARD HOWELL, Lieutenant,

Defendant-

Appellee.

--------------------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:97-CV-307
--------------------------------------------------------------------

Before WIENER, BENAVIDES AND STEWART, Circuit Judges.

PER CURIAM:[*]

Zachary L. Knighten, Texas prisoner # 627114, appeals the dismissal of his 42 U.S.C. § 1983

complaint following a jury verdict in favor of the defendant. He argues that he did not consent to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

continued jurisdiction by the magistrate judge following remand of this case to the district court. He also argues that the magistrate judge abused his discretion by: (1) failing to enter a default judgment against the defendant, (2) denying his motion for recusal, (3) admitting a videotape into evidence at trial, and (4) denying his motions for new trial and to set aside the verdict.

The record shows that Knighten validly consented to proceed before the magistrate judge. Validly-given consent to proceed before a magistrate judge may be withdrawn upon motion by a party only for good cause. See Carter v. Sea Land Svcs., Inc., 816 F.2d 1018, 1021 (5th Cir. 1987). Knighten never moved to withdraw his consent to proceed before the magistrate judge, nor did he demonstrate good cause to do so. See id. at 1020-21.

Knighten has not demonstrated that the magistrate judge abused his discretion by denying the motion for default judgment. See Ganther v. Ingle, 75 F.3d 207, 212 (5th Cir. 1996); Thomas v. Kippermann, 846 F.2d 1009, 1011 (5th Cir. 1988). Knighten's affidavit was legally insufficient to support his motion for recusal because it failed to establish that the magistrate judge's alleged bias was personal, not judicial, in nature. See Henderson v. Dep't of Public Safety & Corrections, 901 F.2d 1288, 1296 (5th Cir. 1990). Additionally, Knighten has not demonstrated that the magistrate judge plainly erred by admitting the videotape as a trial exhibit. See Anderson v. Siemens Corp., 335 F.3d 466, 471-72 (5th Cir. 2003). This court lacks jurisdiction to address Knighten's challenge to the denial of his post-judgment motions. See FED. R. APP. P. 4(a)(4)(B)(ii). Accordingly, the judgment is AFFIRMED.