**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 5, 2009

Charles R. Fulbruge III
Clerk

No. 09-20017

CERTAIN UNDERWRITERS AT LLOYDS LONDON,

Plaintiff - Appellee

v.

CORPORATE PINES REALTY CORP,

Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Texas
No. 4:06-CV-3361

Before KING, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Corporate Pines Realty Corp. appeals an adverse judgment in this declaratory judgment action brought by its commercial real estate insurer, Certain Underwriters at Lloyds London. Corporate Pines raises twelve points of error on appeal; we address each point in turn. Finding no reversible error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.    First Point of Error: Subject Matter Jurisdiction

Corporate Pines first claims that the amount in controversy is not in excess of $75,000, as required by 28 U.S.C. § 1332(a). In a declaratory judgment action seeking a declaration of nonliability, the amount in controversy is the insurer's potential liability and other items. *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 912 (5th Cir. 2002). Certain Underwriters initiated this action only after receiving letters from Corporate Pines demanding first $88,471.94 and then $95,451.94. The potential liability therefore exceeded the minimum amount in controversy, and the district court properly exercised diversity jurisdiction.

## II.    Second Point of Error: Referral to a Magistrate Judge

Corporate Pines argues that the district court erred in denying its motion, on the day of trial, to withdraw its consent to refer the case to a magistrate judge. A referral to a magistrate judge may be set aside for "good cause shown . . . or under extraordinary circumstances." 28 U.S.C. § 636(c)(4). A district court's denial of leave to withdraw consent to trial before a magistrate judge is reviewed for abuse of discretion. *See Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 292 (5th Cir. 2002). Factors to consider in making this determination include:

> [U]ndue delay, inconvenience to the court and witnesses, prejudice to the parties, whether the movant is acting *pro se*, whether consent was voluntary and uncoerced, whether the motion is made in good faith or is dilatory and contrived, the possibility of bias or prejudice on the part of the magistrate, and whether the interests of justice would best be served by holding a party to his consent.

*Carter v. Sea Land Servs., Inc.*, 816 F.2d 1018, 1021 (5th Cir. 1987) (internal citations omitted). The magistrate judge below found that Corporate Pines had presented "no reason for withdrawal of the consent other than it no longer consents." On appeal, Corporate Pines has not shown that any of the factors

listed in *Carter* justified withdrawal of the referral on the morning of trial. The magistrate judge acted within her discretion in denying withdrawal of the referral.

## III.   Third Point of Error: Discovery Sanctions

Corporate Pines next contends that the district court incorrectly prevented it from introducing evidence of business income loss as a sanction for discovery abuse. A decision to award sanctions under Federal Rule of Civil Procedure 37 is reviewed for abuse of discretion. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987). Among the sanctions contemplated by Rule 37 for violating a discovery order is "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." FED. R. CIV. P. 37(b)(2)(A)(ii).

Corporate Pines claimed lost rental income from a tenant of one of the insured buildings. During discovery, Certain Underwriters requested documents (including the lease) substantiating the alleged landlord–tenant relationship and noticed the deposition of the alleged tenant. When both Corporate Pines's counsel and the alleged tenant failed to appear at a scheduled deposition, Certain Underwriters filed a motion to compel, which the district court granted. The tenant appeared at the subsequent deposition, but testified that she could not locate the requested documents and that Corporate Pines's counsel had instructed her to attend the deposition without the documents. Given Corporate Pines's instructions to its witness to violate a court order, we conclude that the district court did not abuse its discretion in excluding evidence of Corporate Pines's claimed business income loss.

## IV.   Fourth Point of Error: Substitution of Counsel of Record

Corporate Pines next claims that the district court erred in permitting substitution of Certain Underwriters' counsel of record because the substitution was dilatory and served only to increase the ultimate award of attorney's fees.

Corporate Pines did not object to substitution at the time; to the contrary, counsel was substituted pursuant to an agreed motion. Because Corporate Pines failed to raise this issue below, any objection on appeal has been waived. *See AG Acceptance Corp. v. Veigel*, 564 F.3d 695, 700 n.3 (5th Cir. 2009); *Vela v. City of Houston*, 276 F.3d 659, 678 (5th Cir. 2001) ("[O]n appeal, we do not address issues that were not raised in the lower court.").

## V. Fifth Point of Error: Demand for Jury Trial

Corporate Pines next claims that the district court erred in denying its untimely demand for jury trial. Denial of an untimely motion for jury trial is reviewed for abuse of discretion. *See Pinemont Bank v. Belk*, 722 F.2d 232, 238 (5th Cir. 1984). A party may demand a jury trial for any issue triable as of right "no later than 10 days after the last pleading directed to the issue is served . . . ." FED. R. CIV. P. 38(b)(1). When a jury demand is untimely or improperly made, the court may, on motion, "order a jury trial on any issue for which a jury might have been demanded." FED. R. CIV. P. 39(b). A court should "grant a motion for jury trial under [Rule 39(b)] 'in the absence of strong and compelling reasons to the contrary.'" *Pinemont Bank*, 722 F.2d at 236 (quoting *Cox v. C.H. Masland & Sons, Inc.*, 607 F.2d 138, 144 (5th Cir. 1979)).

Certain Underwriters filed its complaint in October 2006. Corporate Pines filed its initial answer in November 2006 and did not request jury trial. Corporate Pines filed a proposed case management plan in January 2007; to the seventeenth item, which reads, "State whether a jury demand has been made and if it was made on time," Corporate Pines answered, "No." Corporate Pines then filed an amended answer in July 2007, adding new counterclaims. The amended answer was not accompanied by a jury demand. Corporate Pines then filed a jury demand in January 2008, without requesting leave of the court. Certain Underwriters moved to strike the jury demand on the grounds that it would be "substantially unfair and prejudicial" and would needlessly extend the

duration of trial by at least half. The court granted Certain Underwriters' motion after a hearing on the record in February 2008; Corporate Pines has not provided that record for review. The district court had set a deadline for the joint pretrial order and scheduled the docket call for March 2008.

We lack a transcript of the hearing on the motion to strike that would enable us to determine whether Corporate Pines presented any persuasive reasons for its untimely filing. No explanation, persuasive or otherwise, is evident from either the record or Corporate Pines's brief. When a party "offer[s] no viable reasons for . . . delay . . . we assume the delay resulted from mere inadvertence." *Farias v. Bexar County Bd. of Trs. for Mental Health Retardation Servs.*, 925 F.2d 866, 873 (5th Cir. 1991). Inadvertence alone does not relieve a party from waiver of the right to jury trial. *Id.* This, coupled with the lack of any indication prior to January 2008 that Corporate Pines would demand a jury trial, prevents us from concluding that the district court abused its discretion in striking the untimely jury demand.

## VI. Sixth Point of Error: Finding of No Damages

Corporate Pines objects to the district court's factual finding that it suffered no damages covered under its policy with Certain Underwriters. Following a bench trial, factual findings are reviewed for clear error. *United States v. McFerrin*, 570 F.3d 672, 675 (5th Cir. 2009). The party objecting to factual findings bears the burden of providing a transcript of the trial record:

> If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion.

FED. R. APP. P. 10(b)(2). Corporate Pines has not produced a transcript in its appeal, and we conclude that it has waived its objections to the district court's factual findings. *See Richardson v. Henry*, 902 F.2d 414, 416 (5th Cir. 1990) ("The failure of an appellant to provide a transcript is a proper ground for

dismissal of the appeal. Accordingly, the appeal as to the sufficiency of the evidence will be dismissed." (internal citations omitted)).

An appellate court may, in its discretion, choose to address the appeal rather than dismiss, but "the scope of . . . review is necessarily limited." *Coats v. Pierre*, 890 F.2d 728, 731 (5th Cir. 1989). Even on a limited record, however, Corporate Pines has failed to identify any error, clear or otherwise, that the district court committed in making its factual determinations. To the contrary, the district court's opinion reflects a careful evaluation of the documentary and testimonial evidence presented. Although we overrule this point of error because Corporate Pines has failed to provide a trial transcript and has thus waived its objection, we see no error in the record provided.

## VII. Seventh Point of Error: Attorney's Fees

Following the bench trial, the district court awarded Certain Underwriters $170,000 in attorney's fees incurred in pursuing the declaratory judgment action. Corporate Pines objects to this award on the ground that the attorney's fees were not reasonable and necessary in light of Certain Underwriters' potential liability on the insurance policy. "'The district court's determination of attorney's fees is reviewed for abuse of discretion, and the findings of fact supporting the award are reviewed for clear error.'" *Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 390 (5th Cir. 2002) (quoting *Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir. 1993)). Certain Underwriters submitted 260 pages of legal bills detailing the work performed and the hours spent performing it. Given this documentation, we conclude that the district court did not abuse its discretion in calculating the amount of the attorney's fee award. In addition, at one point in the litigation, Corporate Pines had counterclaimed for a total of $467,887.94; it cannot now argue that Certain Underwriters had only nominal potential liability on the policy.

## VIII. Eighth Point of Error: Expert Testimony

Corporate Pines argues that the district court erred in admitting a report by Certain Underwriters' expert appraiser. The district court relied on the expert report in assigning the insured buildings a value of $2,100,000, exclusive of the underlying realty. Because Corporate Pines carried only $750,000 of insurance under the policy, this finding triggered an underinsurance clause reducing Corporate Pines's coverage to 44.6%. Corporate Pines contends the report is unreliable per se because it contains the words "estimates," "opinions," and "assumptions."

Corporate Pines cites Texas Rule of Evidence 702 and two decisions of the Texas Supreme Court. These citations are inapposite, as a federal court sitting in diversity applies the Federal Rules of Evidence in matters relating to expert testimony. *Mathis v. Exxon Corp.*, 302 F.3d 448, 459 (5th Cir. 2002). Under the Federal Rules of Evidence, a party claiming error must show that "a substantial right of the party is affected, and . . . a timely objection or motion to strike appears of record, stating the specific ground of objection . . . ." FED. R. EVID. 103(a)(1). Because Corporate Pines has failed to provide a transcript, we can identify no objection to the proffer of the expert report. We therefore review its admission for plain error. *See Foradori v. Harris*, 523 F.3d 477, 508 (5th Cir. 2008). Plain error "requires a clear or obvious error that affects substantial rights." *DeCorte v. Jordan*, 497 F.3d 433, 441 (5th Cir. 2007). If an appellant demonstrates plain error, relief is discretionary with the court, and will usually be "accorded only when failure to do so would seriously affect the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Corporate Pines fails to demonstrate that its substantial rights were affected by admission of the report. The district court found that Corporate Pines had suffered no damage that was covered under the policy. The appraisal and corresponding activation of the underinsurance clause therefore did not

affect Corporate Pines's claim—44.6% of zero is the same as 100% of zero—and this point of error is rendered moot. Furthermore, the record reveals that the expert possessed ample qualifications and prepared the report in accordance with industry standards. Corporate Pines declined to present its own expert, instead relying on the opinion of its owner as to the value of the buildings. We cannot conclude that the district court committed plain error in admitting the expert report and finding the buildings to have a value of $2.1 million.

IX.     **Ninth Point of Error: Denial of Counterclaims**

Corporate Pines next assigns error to the district court's denial of its counterclaims under Texas insurance law. To have a bad faith claim under either the Texas Insurance Code or Texas common law, the insured must have a claim covered under an insurance policy. *Progressive County Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005) (per curiam). The district court concluded that because Corporate Pines's claims were not covered under its policy, Certain Underwriters could not have acted in bad faith in denying those claims. Corporate Pines has not identified any error in this reasoning, nor has it cited any contrary authority. Furthermore, having neglected to produce a trial transcript or provide citations to the record, Corporate Pines has waived its objections to the factual predicate underlying the district court's determination.

X.     **Tenth Point of Error: Finding of Failure to Comply with the Policy**

In its tenth point of error, Corporate Pines repeats its argument that the district court erred in finding that it had underinsured the buildings, resulting in a proportionate reduction of coverage under the policy. Corporate Pines claims the district court incorrectly added the value of the real estate to the value of the buildings in arriving at a value of $2.1 million. The district court's opinion, however, stated its finding very clearly to the contrary: "The Court credits [the] cash value *of the buildings* as $2,100,000"(emphasis added). More importantly, the district court's valuation of the buildings has no impact on

Corporate Pines because there is no claim covered under the policy. This point of error is therefore moot.

## XI.   Eleventh Point of Error: Finding of No Vandalism Damage

In eight cursory lines, Corporate Pines claims that the finding of no vandalism damage is against the great weight and preponderance of the evidence. Corporate Pines has not provided a transcript of the record, so we can conduct only a limited review of this claim. *See Coats*, 890 F.2d at 731. On a challenge to the sufficiency of the evidence, we will reverse only if no reasonable mind could support the factfinder's conclusions. *McBeth v. Carpenter*, 565 F.3d 171, 176 (5th Cir. 2009). The district court's opinion carefully articulates the conduct of the representatives of both Corporate Pines and Certain Underwriters leading to this suit. We cannot say that the district court's conclusion is unreasonable.

## XII.   Twelfth Point of Error: Failure to Cooperate with Claim Investigation

The Statement of the Issues Presented for Review in Corporate Pines's brief lists as its twelfth point of error that "[t]he District Court erred in finding that Defendant failed to cooperate with the claim investigation." This argument is not addressed further in Corporate Pines's brief, and we therefore find this issue waived. *See Sanders v. Unum Life Ins. Co. of Am.*, 553 F.3d 922, 927 (5th Cir. 2008) ("[M]ere reference to [an issue] in the opening brief constitutes a waiver.").

## XIII. Conclusion

Finding Corporate Pines's twelve points of error without merit, we AFFIRM the judgment of the district court. Any further pursuit of this case in this court will risk sanctions. The mandate shall issue forthwith.