# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50339

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2015

Lyle W. Cayce
Clerk

In the Matter of:　BPRE, L.P.,

Debtor

_____

BPRE, L.P.,

Appellant,

v.

RML WAXAHACHIE DODGE, L.L.C., et al,

Appellees.

Appeal from the United States District Court
for the Western District of Texas
Nos. 6:10-CV-267, 6:12-CV-227

Before JOLLY and DENNIS, Circuit Judges, and REEVES,[*] District Court Judge.

PER CURIAM:[**]

---

[*] District Judge of the Southern District of Mississippi, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50339

Following a bench trial before the bankruptcy court, Plaintiff-Appellant BPRE, L.P. ("BPRE") appeals the final judgment entered by the district court adopting the bankruptcy court's report and recommendation that BPRE "take nothing" on its various state-law claims against Defendant-Appellee RML Waxahachie Dodge, L.L.C. and related RML entities (collectively "RML"). We AFFIRM.

First, BPRE contends that the bankruptcy court committed reversible error by denying its request for a jury trial based on BPRE's failure to timely comply with the bankruptcy court's local rules pertaining to jury demands. We review the bankruptcy court's denial of an untimely motion for jury trial for abuse of discretion. *Certain Underwriters at Lloyds London v. Corporate Pines Realty Corp.*, 355 F. App'x 778, 780 (5th Cir. 2009). However, because "the seventh amendment confers a fundamental right," this "modifies the usual approach to review of abuse of discretion." *Daniel Intern. Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990). Accordingly, we have held that a trial court typically "should grant a motion for jury trial . . . in the absence of strong and compelling reasons to the contrary." *Certain Underwriters at Lloyds London*, 355 F. App'x at 780 (internal quotation marks omitted). Nevertheless, we have also repeatedly recognized that it is not an abuse of discretion to deny an untimely motion for a jury trial "when the failure to make a timely jury demand results from mere inadvertence on the part of the moving party." *Farias v. Bexar Cnty. Bd. of Trs. for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 873 (5th Cir. 1991) (internal quotation marks omitted); *accord Certain Underwriters at Lloyds London*, 355 F. App'x at 780 ("Inadvertence alone does not relieve a party from waiver of the right to jury trial.").

No. 14-50339

Here, the bankruptcy court denied BPRE's jury demand because BPRE failed to comply with the Addendum to Scheduling Order in Appendix L-7016-a of the Local Rules of the United States Bankruptcy Court for the Western District of Texas.   As BPRE concedes, that rule required it to file within thirty days of the Scheduling Order a written request for a Pretrial Conference, along with a separate brief containing the various components specified in the local rule.   The Scheduling Order was entered on December 31, 2009, thus requiring BPRE to file its request for a Pretrial Conference and the separate brief by January 30, 2010.   However, BPRE did not file its request for a Pre-Trial Conference until more than two weeks later on February 16, 2010, and did not file a separate brief addressing its right to a jury trial until April 12, 2010.   Based on our review of the record and the parties' arguments on appeal, we are not convinced that BPRE's failure to timely comply with the rule resulted from anything other than "mere inadvertence."   *See Farias*, 925 F.2d at 873.   We therefore find no abuse of discretion in the bankruptcy court's denial of BPRE's request for a jury trial.

In addition, BPRE argues that the district court erred in concluding that BPRE take nothing on its state-law claims for breach of lease, fraud by non-disclosure, tortious interference, civil conspiracy, quantum meruit, unjust enrichment, and trespass.   Based on our careful review of the record, as well as the parties' respective briefs and oral arguments, we conclude that the evidence presented at trial amply supported the district court's final judgment that BPRE take nothing on these claims.

For these reasons, the judgment of the district court is AFFIRMED.