**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-6068

MALCOLM MUHAMMAD,

       Plaintiff - Appellant,

v.

L. J. FLEMING; C. MANIS; QUINN C. REYNOLDS; MARCUS ELAM; M. WILLIAMS; M. BROYLES; HENRY PONTON; N. GREGG; S. STALLARD; JIMMY MITCHELL; C/O PAULEY; C/O BARNES; C/O PHILLIPS; SGT. PORCHIE; HENSLEY, Hearing Officer; LT. LIGHT; B. J. RAVIZEE; J. COMBS,

       Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Pamela Meade Sargent, Magistrate Judge. (7:17-cv-00481-PMS)

Argued: January 27, 2022                     Decided: March 16, 2022

Before NIEMEYER, DIAZ and QUATTLEBAUM, Circuit Judges.

Vacated and remanded by published opinion. Judge Quattlebaum wrote the opinion, in which Judge Niemeyer and Judge Diaz joined.

**ARGUED:** S. Blake Davis, WAKE FOREST UNIVERSITY SCHOOL OF LAW, Winston-Salem, North Carolina, for Appellant. Rohiniyurie Tashima, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees. **ON BRIEF:** John J. Korzen, Director, Caitlin T. Augerson, Third-Year Law Student, Katharine Batchelor, Third-Year Law Student, Meredith Behrens, Third-Year Law Student, Aaron Walck, Third-Year Law Student, WAKE FOREST UNIVERSITY

SCHOOL OF LAW, Winston-Salem, North Carolina, for Appellant. Mark R. Herring, Attorney General, K. Scott Miles, Deputy Attorney General, Laura Maughan, Assistant Attorney General, Michelle S. Kallen, Acting Solicitor General, Laura H. Cahill, Assistant Attorney General, Kendall T. Burchard, John Marshall Fellow, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees.

_____

QUATTLEBAUM, Circuit Judge:

A district court may refer a case to a magistrate judge if all parties consent. 28 U.S.C. § 636(c). Malcolm Muhammad at first consented to the referral of his case to a magistrate judge in his suit against state prison officials for violating his constitutional rights. But before the defendants consented, Muhammad sought to withdraw that consent. The district court rejected Muhammad's efforts, finding first that he needed good cause to withdraw his consent and second that Muhammad failed to show good cause. On appeal, Muhammad argues that good cause was not required, and that the district court should have allowed him to withdraw his consent. We thus confront the question of whether a party, who previously consented to such a referral, must show good cause to withdraw that consent when the other parties have not consented to the referral. For the reasons below, we conclude that good cause is not required. And we also agree with Muhammad that, on this record, his request to withdraw his consent to the jurisdiction of a federal magistrate judge should have been allowed. Thus, we vacate the district court's order and remand for proceedings consistent with this opinion.

I.

Section 636 prescribes the jurisdiction of federal magistrate judges. Subsection (b) relates to pretrial matters. Under that provision, a district court may refer certain pretrial

3

matters to a magistrate judge.[1] *See* 28 U.S.C. § 636(b)(1)(A) (providing "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court," except in specified circumstances, including "a motion . . . for summary judgment"). These limited referrals do not require consent of the parties.

Subsection 636(c) addresses referring the entire case to the magistrate judge. Under that provision, a district court may refer the entire case to a magistrate judge, but only if all parties consent.[2] *See* 28 U.S.C. § 636(c)(1) (empowering a magistrate judge to "conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case" upon "consent of the parties"); s*ee also* Fed. R. Civ. P. 73(a) (providing that "a magistrate judge may, if all parties consent, conduct a civil action or proceeding"). This case involves the referral of the entire case to the magistrate judge under § 636(c).

Section 636(c)(2) and Federal Rule of Civil Procedure 73 combine to provide the baseline procedure for obtaining consent to magistrate judge jurisdiction. Those procedures focus on the clerk of court—not the judges—to ensure consent is truly voluntary. *See* 28 U.S.C. § 636(c)(2) (explaining the purpose to protect "the voluntariness of the parties' consent"); Fed. R. Civ P. 73(b)(1) advisory committee's notes to the 1983 amendments.

---

[1] "[A] judge may also designate a magistrate judge . . . to submit to a judge of the court proposed findings of fact and recommendations for the disposition." 28 U.S.C. § 636(b)(1)(B). The findings and recommendations are often combined into a memorandum, commonly called a Report & Recommendation (R&R) or Memorandum and Recommendation (M&R).

[2] "The entitlement to an Article III adjudicator is 'a personal right' and thus ordinarily 'subject to waiver.'" *Wellness Intern. Network, Ltd. v. Sharif*, 575 U.S. 665, 678 (2015). A party waives their right to adjudication by an Article III judge by consenting to the jurisdiction of a magistrate judge.

Both require the clerk of court to notify the parties of the magistrate judge's availability to exercise jurisdiction under § 636(c). The parties may then communicate their consent to the clerk of court by "jointly or separately fil[ing] a statement consenting to the referral." Fed. R. Civ P. 73(b)(1). Only "if all parties have consented to the referral" may the clerk inform a district court judge or magistrate judge of a party's response. And both § 636(c) and Rule 73 permit the district court to remind the parties of the magistrate judge's availability.[3]

Even after a case is referred entirely to a magistrate judge, the district court retains the ability to vacate the referral. Section 636(c)(4) provides that a district court may vacate the transfer "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." *Id.* § 636(c)(4); *see also* Fed. R. Civ. P. 73(b)(3). With that background in mind, we turn to the procedural history of this case.

## II.

Malcolm Muhammad, a Virginia state prisoner, sued prison officials pro se, alleging violations of his constitutional rights.[4] The clerk of court then notified the parties, using the Western District of Virginia's standard form, of their right to consent to the jurisdiction

---

[3] As for any remaining procedural rules, § 636(c)(2) contemplates that the district courts will provide additional procedures. So, too, do the Advisory Committee Notes to Rule 73: "flexibility at the local level is preserved in that local rules will determine how notice shall be communicated to the parties, and local rules will specify the time period within which an election must be made."

[4] He also asserted various other claims that are not relevant to our disposition.

of a magistrate judge. This notice provided that to consent to the jurisdiction of a magistrate judge, a party must sign the form and return it to the clerk's office "within 15 days from the date of this Notice." J.A. 33. The notice also provided that the party could withhold consent, "without adverse substantive consequences." J.A. 33. Five days after receiving the notice, Muhammad signed and returned the form to the clerk's office. The defendants did not respond to that notice.

About five months later, the clerk of court sent the parties a second notice for consent to the jurisdiction of a magistrate judge. Muhammad again signed and returned the form, and, again, none of the defendants did so.

Soon after the expiration of the 15-day deadline in the second notice, the district court assigned administration of pretrial matters to Magistrate Judge Pamela Meade Sargent pursuant to 28 U.S.C. § 636(b). Before that assignment, Magistrate Judge Robert S. Ballou had been handling pretrial referrals.

The next day, the clerk sent out a third notice to the parties for consent to the jurisdiction of a magistrate judge. This time, however, Muhammad did not return the notice. Instead, he filed a "Motion to Deny His Right to Consent to Jurisdiction of United States Magistrate Judge," indicating he did not want to be under the jurisdiction of a magistrate judge. J.A. 43. While difficult to decipher, Muhammad's filing appears to express dissatisfaction with Magistrate Judge Sargent related to another action he was

pursuing.[5] As with the two previous notices, the defendants did not respond to the third notice.

Around three months later, with no ruling on Muhammad's "Motion," the defendants moved for summary judgment. Two days after that, the clerk of court sent the parties a fourth notice for consent to the jurisdiction of a magistrate judge. In response, Muhammad filed another document reiterating that he no longer wanted to have the case under the jurisdiction of a magistrate judge. He then filed his opposition to the defendants' motion for summary judgment. The district court referred the motion for summary judgment to Magistrate Judge Sargent for her to make proposed findings of fact and recommendations for the review and disposition by the district court.

While the defendants' motion for summary judgment was pending, the district court denied Muhammad's motion to withdraw his consent to the jurisdiction of a magistrate judge. The district court cited a decision from the Fifth Circuit, *Carter v. Sea Land Servs., Inc.*, 816 F.2d 1018, 1021 (5th Cir. 1987), for the rule that "there is no absolute right to withdraw a validly given consent to trial before a magistrate," and that withdrawal may be granted only for good cause. Applying that rule, the district court found that Muhammad

---

[5] Muhammad brought the other action, captioned 7:16-cv-500, in the Western District of Virginia as well. In that action, he tried his case before a jury with Magistrate Judge Sargent presiding. At trial, Magistrate Judge Sargent granted a defendant judgment as a matter of law on Muhammad's due process claim but allowed Muhammad's retaliation claims to proceed to the jury. The jury returned a verdict for the defendants on Muhammad's retaliation claim. Muhammad appealed that judgment to this Court, which we affirmed. *Muhammad v. Taylor*, No. 18-7255, 774 F. App'x 815 (4th Cir. Aug. 15, 2019) (Mem). The Supreme Court denied his petition for certiorari. *Muhammad v. Taylor*, No. 19-6292, 140 S. Ct. 538 (2019) (Mem).

had not shown good cause since "[m]ere dissatisfaction with prior rulings alone is not sufficient to show good cause." J.A. 414. Separately, but during the same time frame, Magistrate Judge Sargent issued an R&R, recommending that the district court grant the defendants summary judgment on all of Muhammad's claims. Muhammad timely objected to the R&R.

Shortly after the district court denied Muhammad's withdrawal and the magistrate judge issued her R&R, the defendants submitted a completed form consenting to the jurisdiction of a magistrate judge. The defendants used the fourth notice form, which, like all the forms, required the parties to consent within 15 days. Despite that, almost nine months had elapsed since they received the fourth notice.

Five days after the defendants provided the clerk's office with their form consenting to the jurisdiction of a magistrate judge, the district court transferred the case to Magistrate Judge Sargent under 28 U.S.C. § 636(c). Magistrate Judge Sargent then adopted her own R&R and entered judgment dismissing Muhammad's claims. Muhammad timely appealed the district court's order denying withdrawal of his consent to the jurisdiction of a magistrate judge and the magistrate judge's entry of judgment on his claims. We have jurisdiction to review under 28 U.S.C. § 1291.

III.

On appeal, Muhammad contends the district court improperly transferred the case to Magistrate Judge Sargent. He claims that while he consented to the referral in response to the first two notices of the right to consent to the magistrate judge's jurisdiction, the

8

defendants never did. He asserts that his responses to the third and fourth notices showed that he did not agree to the referral. As a result, in his view, referral was not allowed under § 636(c). And Muhammad argues that, when the defendants finally consented, it was not only after he filed two oppositions to the referral, but also after the expiration of the 15-day deadline and after Magistrate Judge Sargent had issued an R&R. He contends referring the case under these circumstances violated § 636(c) and encourages judge-shopping.

The defendants frame the issues differently. They claim Muhammad consented to the jurisdiction of the magistrate judge and later sought to withdraw that consent. They insist that to withdraw consent, a party must establish good cause. They also argue that the only reason Muhammad gave in support of his request for a withdrawal of consent was his dissatisfaction with Magistrate Judge Sargent, which amounts to judge-shopping. They contend that the district court's determination that Muhammad had not established good cause was correct and certainly not an abuse of discretion.

While the parties frame the issues differently, this appeal boils down to whether a party, who previously consented to a referral to a magistrate judge, must show good cause to withdraw that consent when the other parties have not yet consented to the referral. If the answer is yes, we review the district court's determination that Muhammad failed to

show good cause for abuse of discretion. But if the answer is no, we must decide whether Muhammad should have been allowed to withdraw his consent to magistrate jurisdiction.[6]

## A.

To determine whether Muhammad needed to establish good cause to withdraw his consent to the jurisdiction of the magistrate judge,[7] we begin with the text of § 636. The statute does not address a party's withdrawal of consent before a transfer. Thus, it certainly does not impose a good cause standard for withdrawing consent. The only mention of good cause in § 636 comes in subsection (c)(4). That subsection provides that a district court may vacate the transfer "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." 28 U.S.C. § 636(c)(4); *see also* Fed. R. Civ. P. 73(b)(3). But § 636(c)(4) only applies once a case has been transferred to the magistrate judge. It does not apply to one party's consent to referral when the other parties have not

---

[6] The parties' dispute over good cause raises the question of the effect of the expiration of the 15-day consent deadline in the notices. While there is no deadline in the statute, "[a] district court has discretion to adopt local rules." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010). Local rules are binding on the parties and the court that promulgated them. *Maritrans Operating Partners Ltd. P'ship v. M/V Balsa 37*, 64 F.3d 150, 154–55 (4th Cir. 1995). The defendants never consented to the first and second notices, much less consented within the 15 days provided. Similarly, as to the third notice, it seems that neither party consented. And last, as to the fourth notice, Muhammad did not consent and, while the defendants ultimately did, it was almost nine months after the notice was issued—well past the 15-day deadline. Given the 15-day deadline in the notices, it seems questionable whether there was ever a proper referral to the magistrate judge. But we need not decide this issue. Even if Muhammad's earlier consents remained operative, he was not required to show good cause when the defendants had not consented to the referral of the case to the magistrate judge.

[7] We review this legal question—whether Muhammad was required to show good cause for the district court to grant his motion—de novo. *Salem v. Holder*, 647 F.3d 111, 115 (4th Cir. 2011).

also consented. That there is a good cause requirement to vacate a referral once the case has been transferred and not before is significant. Congress knew how to impose a good cause requirement in connection with its control over magistrate judge jurisdiction. Yet it did not impose that requirement for a party's withdrawal of his or her consent before the other parties consented to magistrate judge jurisdiction. We decline to judicially create a requirement Congress did not impose.

While there is limited authority on a party's withdrawal of consent to the jurisdiction of a magistrate judge, two of our sister circuits have addressed similar issues in different cases. Each supports our conclusion that good cause is not required.

In *Gilmore v. Lockard*, 936 F.3d 857, 859 (9th Cir. 2019), a plaintiff consented to jurisdiction under a magistrate judge, but the defendants initially did not. After the magistrate judge issued a pretrial ruling adverse to the plaintiff, he moved to withdraw his consent to § 636(c) jurisdiction. *Id.* at 860. The magistrate judge denied the plaintiff's motion to withdraw consent because the plaintiff's "disagreement with his ruling . . . did not amount to good cause." *Id.* The Ninth Circuit disagreed that the "good cause" standard applied. *Id.* at 861–62. It held that it was within the district court's discretion whether to grant the plaintiff's motion to withdraw consent, but that the plaintiff should have been allowed to withdraw his consent. *Id.* at 861–63. The Ninth Circuit noted that the plaintiff had "filed a timely motion to withdraw consent[,] [t]here was no possible prejudice to [d]efendants at the time [plaintiff] sought withdrawal, nor was it inconvenient to the district court" since the case would then be handled by the district court judge it had been assigned to originally. *Id.* at 863.

11

The second case is *Carter v. Sea Land Services, Inc.*, 816 F.2d 1018 (5th Cir. 1987). While the defendants argue this case supports their position, it actually undermines it. There, after all the parties had consented to trial before a magistrate judge and the district court had transferred the case, a party moved to withdraw its consent. *Id.* at 1019–20. The Fifth Circuit held a litigant needed good cause to withdraw consent because all the parties had consented to the jurisdiction of a magistrate judge and the district court had referred the case before any party sought to withdraw consent. In that situation, § 636(c)(4) required that good cause be shown. But here Muhammad withdrew his consent before the defendants consented and before the district court transferred the case, which makes this case very different from *Carter*. In fact, *Carter* bolsters our decision because the central concern in *Carter* was not allowing a party "a free shot at a favorable outcome or a veto of an unfavorable outcome." *Id.* at 1020. Were we to adopt the defendants' position, that Muhammad forfeited his right to Article III adjudication when he sent in the first signed form, we would validate the defendants' delay in consenting and allow them the "free shot," via the magistrate judge's R&R, that the *Carter* court sought to prevent.

In sum, a party like Muhammad, who previously consented to the jurisdiction of the magistrate judge, but who sought to withdraw such consent before any other party consented, need not show good cause. The district court erred in requiring Muhammad to show good cause to withdraw his consent.

B.

Without a good cause requirement, we see no reason Muhammad should not have been allowed to withdraw his consent to the jurisdiction of the magistrate judge. Section

12

636(c) imposes no limitations on withdrawal before all parties consented. And Muhammad filed his motion well before the defendants consented and well before the court ordered the referral. While difficult to imagine, perhaps there might be extraordinary circumstances when a party should not be allowed to withdraw its consent to magistrate jurisdiction before the other parties exercise their right to consent. But none are presented here.

As a final matter, we note that Muhammad's apparent rationale for withdrawing his consent—to avoid Magistrate Judge Sargent—does not justify denying Muhammad's withdrawal. While phrases like "judge-shopping" sound sinister, Muhammad had every right to withhold consent to the jurisdiction of a magistrate judge based on the risk of being assigned to a judge with whom he had a negative experience. What's more, the defendants are not, as they suggest, on higher ground. They did not consent to the jurisdiction of the magistrate judge the first three times the district court issued a notice of their right to such a referral. Then, the fourth time the notice was issued, they failed to consent within the prescribed time. In fact, the defendants waited almost nine months before consenting and then only did so after the magistrate judge issued an R&R favorable to them. Pot, meet kettle.

Thus, Muhammad should have been allowed here to withdraw his consent to magistrate judge jurisdiction. The district court erred in denying Muhammad's motion.[8]

---

[8] Muhammad also argues that the magistrate judge erred in reviewing and adopting her own R&R. In light of our decision that Muhammad's motion to withdraw consent should have been granted, we need not address this issue.

IV.

For the reasons provided above, the district court's order denying Muhammad's motion is vacated. We also vacate the magistrate judge's order entering final judgment since Muhammad's withdrawal of consent, which should have been allowed, deprived the magistrate judge of jurisdiction. The case is remanded to the district court for proceedings consistent with this opinion.

*VACATED AND REMANDED*