**In re KINGSLEY CAPITAL, INC., Debtor.**

**Hatch Jacobs, LLC, Plaintiff–Appellee,**

**v.**

**Kingsley Capital, Inc., Defendant–Appellee,**

**and**

**Janice Jones, Defendant–Appellant.**

**BAP No. CO–09–032.
Bankruptcy No. 08–17152–EEB.
Adversary No. 08–01472–EEB.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Jan. 20, 2010.

Submitted on the briefs: * Marc H. Schtul, Webb & Schtul, LLC, Denver, CO, for Defendant–Appellant.

Robert W. Hatch (Brian T. Ray, with him on the brief), Hatch Jacobs LLC, Denver, CO, for Plaintiff–Appellee Hatch Jacobs, LLC.

Before CORNISH, Chief Judge, BOHANON, and THURMAN, Bankruptcy Judges.

## OPINION

THURMAN, Bankruptcy Judge.

This is a non-debtor's appeal of a bankruptcy court order awarding plaintiff full relief on its complaint against her seeking determination of an unsecured claim for pre-petition legal services provided to her and the debtor by the plaintiff. Two orders are involved, *i.e.*, the initial order on the merits of plaintiff's claim, and a subsequent order awarding fees. We AFFIRM in part and DISMISS in part.

---

* The parties did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. Bankr.P. 8012. The case is therefore ordered submitted without oral argument.

## I. BACKGROUND

Plaintiff–Appellee, Hatch Jacobs, LLC ("Hatch") is a law firm that previously represented Debtor, Kingsley Capital, Inc. ("Debtor"), and Janice Jones ("Jones") in a civil action. Prior to the filing of Debtor's Chapter 11 bankruptcy, Hatch sued both Debtor and Jones in state court seeking recovery of unpaid attorney's fees. After the filing of its petition, Debtor timely removed the state court action to the bankruptcy court. Hatch's attempt to obtain a remand of the action back to state court was denied as untimely, although the Bankruptcy Court noted that it would have been remanded absent the procedural defects, as the cause of action was "a core proceeding only as to [Debtor]." The matter was tried in the Bankruptcy Court on February 24, 2009, and the only issue at trial was the reasonableness of Hatch's claimed fees. On the date of trial, the Bankruptcy Court issued a minute order taking the matter under advisement, noting that the "parties agreed to entry of final orders by this Court."

Two days after the trial, Hatch filed a document entitled "Plaintiff's Withdrawal of Consent to Impose Final Order" ("Notice") asserting that, despite its previous consent to the Bankruptcy Court's imposition of a final order, "[a]fter further consideration," it wished to withdraw that consent as to Jones' liability. Jones opposed

the Notice on the ground that withdrawal of Hatch's consent could only be accomplished by filing a motion, and upon a finding of good cause.[1] The Bankruptcy Court did not immediately rule on the validity of the Notice. Instead, it issued an Order ("Merits Order") on Hatch's complaint on April 23, 2009. The Merits Order determined that Hatch was entitled to the sum of $42,439.72, "plus pre- and post-judgment interest, attorneys' fees incurred in efforts to collect this amount, and costs," and gave Hatch 20 days within which to submit a bill of costs and a statement of its attorneys' fees.[2] The Merits Order also determined that Hatch's attempted withdrawal of its consent was moot, "given the outcome of this Court's ruling."[3] Also on April 23, 2009, the Bankruptcy Court entered a separate Judgment awarding Hatch the damages specified in the Merits Order.[4]

Hatch timely submitted a statement of its costs and fees, to which Jones objected. On June 10, 2009, the Bankruptcy Court entered another Order ("Fees Order") granting Hatch $14,438 of its $21,081 attorney's fees, and providing that "Taxation of Costs will enter separately."[5] On June 18, 2009, a Taxation of Costs, signed by the Deputy Clerk of the Bankruptcy Court, was entered, allowing Hatch $490.58 of its $4,784.95 claim for costs. Jones filed a Notice of Appeal on June 22,

---

1. *See* Exhibit 1 to Appellee's Brief, at 1, ¶ 2. Jones, the appellant in this appeal, circled this document in the docket used to designate the record on appeal, but did not include it in her Appendix, nor did Hatch file a separate appendix. However, there has been no objection to the inclusion of the document as an "exhibit" to Hatch's brief, nor does Jones dispute having made the argument, so we consider any possible objection to it to be forfeited.

2. *Order,* entered April 23, 2009, *in* Appellant's Appendix ("App.") at 30.

3. *Id.* at 27.

4. *Judgment,* entered April 23, 2009, *in* App. at 17.

5. *Order,* entered June 10, 2009. Again, Jones circled this document on the docket she used to designate the record out did not include it in her Appendix, despite being one of the Orders she seeks to appeal.

2009, purportedly appealing the Bankruptcy Court's "judgment . . . finalized on June 10, 2009 with the award of costs."[6]

The single issue on the merits of this appeal is whether the Bankruptcy Court had jurisdiction to enter final orders, pursuant to 28 U.S.C. § 157(c)(2), after Hatch filed a notice of withdrawal of its consent.[7] Jones asserts that the Bankruptcy Court lacked jurisdiction to enter the Fees Order because Hatch filed a notice of withdrawal of its consent to the court's disposition of a "related to" case before the judgment was issued.

## II. APPELLATE JURISDICTION

One of the first procedural issues for this court to consider is whether Jones timely filed her notice of appeal. This Court must satisfy itself that such was done timely to entertain this appeal. Jones purports to have appealed both the Fees Order and the Merits Order. Although at first blush, this appears to be a straightforward matter for us (*i.e.*, was the notice of appeal filed within the time allowed under Federal Rule of Bankruptcy Procedure 8002(a)), a recent series of Supreme Court decisions necessitates a review of the jurisdictional nature of a timely notice of appeal. Although Hatch did not raise timeliness of Jones's notice of appeal as a defense to her appeal of the Merits Order, this Court has an independent duty

to determine its own jurisdiction, even in the absence of a challenge.[8]

With respect to her appeal of the Fees Order, Jones's notice of appeal was timely filed. Since no party has filed an election to the district court, this Court has jurisdiction to consider Jones's challenge of the Fees Order.[9] This Court's jurisdiction to consider the Merits Order is discussed below.

## III. DISCUSSION

### A. Merits Order

In 1988, the United States Supreme Court considered "whether a decision on the merits is a 'final decision' as a matter of federal law under [28 U.S.C.] § 1291 when the recoverability or amount of attorney's fees for the litigation remains to be determined."[10] The Court found it generally "indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain," and adopted "a uniform rule that an unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final."[11] Thus, the Court held that the petitioner's notice of appeal, which was filed more than 30 days after the district court's order denying a motion for new trial on a jury verdict, but within 30 days of the award of attorney's fees, was untimely as to the Merits, and

---

6. *Notice of Appeal, in* App. at 37. The Notice of Appeal was timely filed from the June 10 order because ten days from that date, June 20, was a Saturday. Fed. R. Bankr.P. 9006(a).

7. 28 U.S.C. § 157(c) provides that bankruptcy courts may hear "non-core" matters, but must submit proposed findings of fact and conclusions of law to the district court for consideration and entry of final judgment. However, "with the consent of all the parties," a bankruptcy court may enter final orders in such cases. It is undisputed that all

parties gave their consent to the bankruptcy court's entry of final orders at the trial.

8. *Image Software, Inc. v. Reynolds and Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir.2006).

9. 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr.P. 8002.

10. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988).

11. *Id.* at 200, 202, 108 S.Ct. 1717.

affirmed the Tenth Circuit's decision dismissing the appeal as it related to the merits.[12]

■ Pursuant to the *Budinich* and *Dimeff* holdings, the Merits Order was a final, appealable order that, pursuant to Federal Rule of Bankruptcy Procedure 8002(a), should have been appealed on or before May 4, 2009.[13] Jones's notice of appeal, filed on June 22, 2009, is therefore untimely as to the Merits Order. As such, if the timely filing of a notice of appeal is "jurisdictional," then Jones's appeal must be dismissed as untimely with respect to the Merits Judgment. Certainly, it has been held many, many times that the timely filing of a notice of appeal is a jurisdictional prerequisite to appellate review.[14] Nonetheless, because a recent line of Supreme Court cases has considered anew the historical use of the term "jurisdictional," this Court must review those cases and analyze their applicability to the present appeal.[15]

In 2004, the Supreme Court unanimously held that, because rules are adopted by the Court rather than by Congress, they are not jurisdictional, stating, "[o]nly Congress may determine a lower federal court's subject-matter jurisdiction."[16] As such, the Court determined that Rule 4004 of the Federal Rules of Bankruptcy Procedure, which sets the time within which an objection to a debtor's discharge must be filed, is not a jurisdictional requirement despite its "mandatory, unalterable" nature. *Kontrick* is the first in a series of self-critical Supreme Court decisions in which the Court repudiated its past use of the term "jurisdictional" as "less than meticulous," and resolved to more clearly distinguish between actual jurisdictional provisions and "claim-processing" requirements. Significantly, while jurisdictional provisions are not subject to equitable exceptions, claim processing requirements may be forfeited.

[2] Nearly two years after *Kontrick,* the Supreme Court issued a *per curiam* opinion also addressing the concept of jurisdiction. In *Eberhart,* the Court held that the requirements set forth in the Federal Rules of Criminal Procedure are non-jurisdictional, repudiating the "jurisdictional" language it had used in a previous decision to the effect that Federal Rule of Criminal Procedure 45(b)'s prohibition on extensions of time in criminal matters is "mandatory and jurisdictional."[17] Al-

---

**12.** *See also Dimeff v. Good (In re Good),* 281 B.R. 689, 694–95 (10th Cir.BAP2002) (motion for fees does not toll period to appeal underlying judgment).

**13.** Fed. R. Bankr.P. 8002(a) (notice of appeal must be filed within ten days of entry of the judgment) and 9006(a) (if filing period ends on a weekend, the time is extended to the next business day of the court).

**14.** *See, e.g., In re Good,* 281 B.R. at 694 (failure to timely appeal under Fed. R. Bankr.P. 8002 is a "jurisdictional defect"); *EEOC v. Wal–Mart Stores, Inc.,* 187 F.3d 1241, 1249–50 (10th Cir.1999) (court lacked "jurisdiction" to review attorney's fees judgment entered after the notice of appeal was filed from judgment on the Merits). However, both of

these cases pre-date the *Kontrick* decision, which was issued in 2004.

**15.** *See Kontrick v. Ryan,* 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004); *Eberhart v. United States,* 546 U.S. 12, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005); *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006); *Bowles v. Russell,* 551 U.S. 205, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007); and *John R. Sand & Gravel Co. v. United States,* 552 U.S. 130, 128 S.Ct. 750, 169 L.Ed.2d 591 (2008).

**16.** *Kontrick,* 540 U.S. at 444, 124 S.Ct. 906.

**17.** *See United States v. Robinson,* 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960). The 2005 Comments to the Amendment of Rule

though *Robinson* properly upheld the rule, the Court noted it should not have done so on the basis of jurisdiction, but because the untimeliness of the notice of appeal under the rules had been properly invoked.[18] The Court deemed "the central point" of *Robinson* to be "that when the Government objected to a filing untimely under Rule 37, the court's duty to dismiss the appeal was mandatory."[19] Thus, although "district courts must observe the clear limits of the Rules of Criminal Procedure when they are properly invoked," that does not mean that the rules "are not forfeitable when they are *not* properly invoked."[20]

Shortly after *Eberhart,* the Supreme Court issued *Arbaugh,* another unanimous decision. In *Arbaugh,* the Court clarified that simply distinguishing between statutes and rules would not resolve the jurisdiction issue because, while all rules are non-jurisdictional, not all statutory limits are. In that case, the plaintiff had filed suit against her former employer under Title VII, and obtained a jury verdict in her favor. Subsequently, the employer raised, for the first time, the statutory "employee numerosity" defense to a Title VII action.[21] The district court dismissed the case on the ground that a defendant's "employer" status under Title VII was jurisdictional, and the Fifth Circuit Court of

Appeals affirmed. Reversing, the Supreme Court noted that, "[j]urisdiction . . . is a word of many, too many, meanings."[22] The Court then held that the employee numerosity requirement in Title VII was not jurisdictional but, rather, "simply an element of a plaintiff's claim for relief," noting that "[n]othing in the text of Title VII indicates that Congress intended" that requirement to be jurisdictional.[23] Thus, the Court stated, "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character," calling this practice a "readily administrable bright line."[24]

 This Court gleans the following three simple rules from the *Kontrick, Eberhart,* and *Arbaugh* decisions:

1. Requirements set forth in rules rather than statutes are not jurisdictional;

2. Although not jurisdictional, mandatory rule-based requirements must be applied by the courts when properly invoked as a defense; and,

3. Courts should only treat statutory requirements as jurisdictional if they are "ranked by Congress" as jurisdictional.

---

45(b) state that "[c]ourts have held that the seven-day rule is jurisdictional," and that changes were made to ensure that, although a motion for extension under the rules referenced in Rule 45 must be filed within the seven-day period, the courts are not required to rule on that motion within that same time period in order to avoid losing jurisdiction.

**18.** *Eberhart v. United States,* 546 U.S. 12, 17, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005).

**19.** *Id.* at 18, 126 S.Ct. 403.

**20.** *Id.* at 17, 126 S.Ct. 403.

**21.** 42 U.S.C. § 2000e(b).

**22.** *Arbaugh,* 546 U.S. 500, 510, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). The Court cited *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 90, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) for this quote, which has appeared in several Supreme Court decisions. However, the quote originated in *United States v. Vanness,* 85 F.3d 661, 663 n. 2 (D.C.Cir.1996), authored by Judge A. Raymond Randolph.

**23.** *Arbaugh* at 509, 514, 126 S.Ct. 1235.

**24.** *Id.* at 516, 126 S.Ct. 1235.

**350**

In 2007, the Supreme Court issued a 5–4 decision holding "that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." [25] In *Bowles*, the appellant was a state prisoner who filed a petition for writ of habeas corpus in federal court and did not initially appeal its denial. After the time for appeal had run, appellant successfully moved to reopen the time in which to appeal, pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure. However, the district court erroneously gave him seventeen days within which to file his appeal, although both Rule 4(a)(6) and 28 U.S.C. § 2107(c) allowed only a fourteen-day extension. Noting that "[r]egardless of this Court's past careless use of terminology, it is indisputable that time limits for filing a notice of appeal have been treated as jurisdictional in American law for well over a century," the Supreme Court majority held that appellant's notice of appeal failed to give rise to appellate jurisdiction over his claims. [26] The majority went on to hold that the courts have "no authority to create equitable exceptions to jurisdictional requirements," and therefore, the district court's inaccurate instruction could not be relied on by appellant. [27] In so holding, the majority specifically repudiated the "unique circumstances doctrine" and overruled two prior Supreme Court cases that gave rise to it. [28] Significantly, the majority made

clear that its decision did not conflict with *Kontrick, Eberhart,* or *Arbaugh* because "[l]ike the initial 30–day period for filing a notice of appeal, the limit on how long a district court may reopen that period is set forth in a statute," and therefore, "[b]ecause Congress specifically limited the amount of time by which district courts can extend the notice-of-appeal period in § 2107(c), that limitation is more than a simple 'claim-processing rule.' " [29]

Less than one year later, the Supreme Court issued a 7–2 decision holding that a special statute of limitations for cases filed in the United States Court of Federal Claims, 28 U.S.C. § 2501, is also jurisdictional. [30] In so holding, the majority acknowledged that "[m]ost statutes of limitations seek primarily to protect defendants against stale or unduly delayed claims," and are therefore generally considered to be non-jurisdictional. [31] Nonetheless, the Court reasoned, some limitations statutes have been read as more absolute and not subject to equitable considerations, usually because they seek to "achieve a broader system-related goal," rather than simply protecting "a defendant's case-specific interest." [32] The majority then held that it was bound to treat the statute before it as jurisdictional based on *stare decisis*, since it had "long interpreted the court of claims limitations statute as setting forth this sec-

**25.** *Bowles v. Russell*, 551 U.S. 205, 214, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007).

**26.** *Id.* at 210 n. 2, 127 S.Ct. 2360.

**27.** *Id.* at 214, 127 S.Ct. 2360.

**28.** *Id.* The two overruled cases are *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.*, 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962) and *Thompson v. INS*, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964), both of which applied an equitable exception to a jurisdictional requirement based on the petitioner's reliance on a district court's error.

**29.** *Arbaugh* at 213, 126 S.Ct. 1235.

**30.** The statute at issue in *John R. Sand & Gravel* provides that all claims within the jurisdiction of the Court of Federal Claims "shall be barred unless the petition thereon is filed within six years after such claim first accrues."

**31.** *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133, 128 S.Ct. 750, 169 L.Ed.2d 591 (2008).

**32.** *Id.*

ond, more absolute, kind of limitations period." [33]

This Court is left to determine whether the timely filing of a notice of appeal in a bankruptcy case is, as we and many other courts have long held, a jurisdictional requirement. If not, then the timeliness requirement is subject to waiver. The ten day period for bankruptcy appeals is specifically set forth in Rule 8002(a) of the Federal Rules of Bankruptcy Procedure. From *Kontrick* we know that requirements contained only in a rule, rather than a statute, are not considered to be jurisdictional. However, this Court's statutory grant of jurisdiction, 28 U.S.C. § 158(c)(2), provides that appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts *and in the time provided by Rule 8002* of the Bankruptcy Rules" (emphasis added). The *Bowles* decision appears to hold that a rule governing the time for appeal, which is backed by a statute, particularly one that has historically been treated as jurisdictional, is jurisdictional. However, in *Bowles*, the statute at issue specified the time parameter, *i.e.*, fourteen days, whereas § 158(c)(2) does not. We consider this to be a distinction without a difference, however. Section 158(c)(2) specifically adopts the time parameters of Rule 8002, and timely filing a notice of appeal in a bankruptcy case has historically been considered a jurisdictional requirement. Therefore, absent controlling precedent indicating that the statute must specifically set the time parameters, this Court will continue to treat the timely filing of a notice of appeal pursuant to § 158(c)(2)

and Rule 8002 to be a jurisdictional requirement that cannot be waived.

Applying this standard to the present case, Jones's notice of appeal is untimely as to the Merits Order and this Court is without jurisdiction to review it, despite Hatch's failure to raise timeliness as an issue.[34]

### B. Fees Order

■■ Jones's notice of appeal was filed within ten days of entry of the Fees Order, and this Court therefore has jurisdiction under § 158(c)(1) to review it. As stated above, the only Merits issue in this appeal is whether the Bankruptcy Court had jurisdiction to enter the Fees Order as a final order, pursuant to 28 U.S.C. § 157(c)(2), after Hatch filed its Notice of withdrawal of consent.[35] Thus, § 157(c)(2) allows a bankruptcy court to "hear and determine" cases that are not "core" proceedings, as defined in § 157(b)(2), but are nonetheless "related to a case under title 11," only "with the consent of all the parties to the proceeding." The present adversary proceeding is just such a case, and both parties gave their consent to the Bankruptcy Court's issuance of a final judgment before trial began. However, two days after trial, Hatch attempted to withdraw its § 157(c)(2) consent by simply filing its Notice. Although Jones opposed Hatch's attempt to withdraw its consent in the Bankruptcy Court, she now asserts that the Bankruptcy Court lacked jurisdiction to enter the Fees Order because the Notice was filed prior to the Bankruptcy Court's rendering of its judgment. Indeed, Jones did argue in the Bankruptcy

---

**33.** *Id.* at 134, 128 S.Ct. 750.

**34.** In so holding, we are not disregarding the proscription of *Arbaugh* that statutes should not be treated as jurisdictional unless Congress "ranks" them as such. It is clear to us

that a provision contained in Congress's grant of jurisdiction to the bankruptcy courts may be considered "ranked" as jurisdictional.

**35.** 28 U.S.C. § 157(c).

Court that a notice of withdrawal is ineffective to revoke a prior consent. As such, Hatch contends in this appeal that Jones waived the issue of the Notice's effectiveness by asserting the converse below. However, equitable defenses such as waiver and estoppel do not apply to "jurisdictional" issues.[36] We must therefore consider whether Hatch's Notice deprived the Bankruptcy Court of jurisdiction to enter the Fees Order.

■ Pursuant to the Federal Magistrate Act, magistrate judges, like bankruptcy court judges, have jurisdiction to render final judgments in district court cases "[u]pon the consent of the parties."[37] In *Carter v. Sea Land Services, Inc.*,[38] the issue before the Fifth Circuit Court of Appeals was whether the magistrate judge's denial of plaintiff's motion to withdraw her consent to entry of judgment by him, which was filed five days prior to trial, was error. In *Carter*, although the plaintiff did not contend that her original consent was invalid, she claimed a "right" to withdraw it. The Circuit disagreed, stating that it was "not persuaded that a litigant has such a right."[39] Thus, "[o]nce a right, even a fundamental right, is knowingly and voluntarily waived, a party has no constitutional right to recant at will."[40] With respect to the plaintiffs consent to judgment by a magistrate, the court held:

> [T]here is no absolute right to withdraw a validly given consent to trial before a magistrate. Consistent with the standard for granting motions to withdraw other waivers of rights, motions to with-

draw consent to trial before a magistrate may be granted only for good cause, determination of which is committed to the court's sound discretion.[41]

Relying on *Carter*, one court recently held that "[w]hen a party consents to magistrate adjudication, they must file a motion to withdraw their consent. Likewise, a party who consents to final adjudication by the Bankruptcy Court must file a motion to withdraw the reference. In either situation, the party must show good cause."[42] This Court does not agree that revocation of a party's consent under § 157(c)(2) requires a motion to withdraw the reference, as stated in *Veldekens*. Such a motion would have to be made to the district court, as opposed to a motion to withdraw consent, which could be made to the bankruptcy court. However, we do agree that withdrawal of § 157(c)(2) consent does require both a motion and a showing of good cause, neither of which was present here. We therefore conclude that the Bankruptcy Court did not abuse its discretion by refusing to recognize Hatch's Notice of withdrawal of its consent.

## IV. CONCLUSION

Based on the foregoing, Jones's appeal is dismissed to the extent that she seeks appellate review of the Merits Order, and the Bankruptcy Court's Fees Order is affirmed.

---

**36.** *Bowles v. Russell,* 551 U.S. 205, 214, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007) (courts have "no authority to create equitable exceptions to jurisdictional requirements").

**37.** 28 U.S.C. § 636(c)(1).

**38.** 816 F.2d 1018 (5th Cir.1987).

**39.** *Id.* at 1020.

**40.** *Id.* at 1021.

**41.** *Id.*

**42.** *Veldekens v. GE HFS Holdings, Inc.,* 362 B.R. 762, 770 (S.D.Tex.2007) (citation and internal quotation marks omitted).